THIS was an indictment founded on the act of the legislature of this state. “ to prevent persons in this Commonwealth from wearing concealed arms.”
The art provides, that any person in this common, wealth, who shall hereafter wear a pocket pistol, dirk, large knife, or sword in a cane, concealed as a weapon, unless when travelling on a journey, shall be fined in any sum not less than one hundred dollars; which may be recovered in any court having jurisdiction of like siims, by action of debt, or on presentment of a grand jury.
The indictment, -in the words of the act, charges Bliss with having worn concealed as a weapon, a sxvord in a cane.
Bliss was found guilty of the charge, and a fine of one hundred dollars assessed by the jury, and judgment was thereon rendered by the court. To reverse that judgment, Bliss appealed to this court.
2. in argument the judgment was assailed by the counsel of Bliss, exclusively on the ground of the act, on which the indictment is founded, being in conflict with the twenty third section of the tenth article of the constitution of this state.
That section provides, “ that the right of the citizens to bear arms in defence of themselves and thb,state, shall not be questioned.”
The right of the citizens ¡° ^efencT^of themseives° and.the state, must be pre®Nve en‘
nig. 43;
Not merely all legislative ac‘s> which take Raw>¡y• but all which diminish ' r when the constitution 'vas farmed, are 01 ’
The provision contained in this section, perhaps, is as well calculated to secure to the citizens the right to bear arms in defence of themselves and the state, as any that could have been adopted by the makers of the constitution. if the right-be assailed, immaterial through what medium, whether by an act of the legis. lature or in any other form, it is equally opposed to the comprehensive import of the section. The legislature is no where expressly mentioned in the section ; but the language employed is general, without containing any expression restricting its import to any particular department of government ; and in the twenty eighth] section of the same article of the constitution, it is expressly declared, “ that every thing in that article is excepted out of the general powers of government, and shall forever remain inviolate ; and that all laws contrary thereto, or contrary to the constitution, shall be void.”
It was not, however, contended by the attorney for the commonwealth, that it would be competent for the legislature, by the enactment of any law, to prevent the citizens from bearing arms either in defence of themselves or the state; but a distinction was taken between a law prohibiting the exercise of the right, and a law merely regulating the manner of exercising that right; and whilst the former was admitted to be incompatible with the constitution, it was insisted, that the latter is not so, and under that distinction, and by assigning the act in question a place in the latter description of laws, its consistency -with the constitution was attempted to be maintained.
S. That the provisions of the act in question do not import an entire destruction of the right of the citizens to bear arms in defence of themselves and the state, will not be controverted by the court; for though the citizens are forbid-wearing weapons concealed in the manner described in the act, they may, nevertheless, hear aims in any other admissible form. But to he in conflict with the constitution, it is not essential that the act should .contain a prohibition against bearing arms in every possible form — it is the right to bear arms in defence of the citizens and the.state, that is se. cured by the constitution, and whatever restrains the full and complete exercise of that right, though notan *92 entire destruction of it. is forbidden by the explicit language of the constitution.
It. therefore, the act in question imposes any re. straint on the right, immaterial what appellation may be given to the act. whether it be an act regulating the manner of bearing arms or any oilier, the consequence, in reference to the constitution, is precisely the same, audits collision with thatinstrumenteqnally obvious.
And can there be entertained a reasonable doubt but the provisions of the act import a restraint on the right of the citizens to bear arms The court apprehends not. The right existed at the adoption of the constitution ; it. had then no limits shoyt of the moral power of the citizens to exercise it, and it in fact consisted in nothing else but in the liberty of the citizens lo bear arms. 'Diminish that liberty, therefore, and you necessarily restrain the right; and such is the diminution and restraint, which the act in question most indisputably imp rts, by prohibiting the citizens wearing weapon,in a manner which was lawful to wear them when the constitution was adopted. In truth, the right of the citizens to bear arms, has been as directly assailed by the provisions of the act, as though they were forbid carrying guns on their shoulders, sum ds in scabbards, or when in conflict with an eiii-mv. were not allowed the use of bayonets ; arid if the act be "insistent with the constitution, it cannot be incompatible with that instrument for the legislature, by successive enactments, to entirely cut off the exercise, ©f the. right of the citizens to bear arms. For, in p- i there is no difference between a law prohibiting vbc. wearing concealed arms, and a law forbidding the wearing such as are exposed ; and if the former be unconstitutional, the latter must be so likewise.
We may possibly be told, that though a law of either description, may he enacted consistently with the constitution, it would b< incompatible with that instrument to enact laws of bulb descriptions. But if either, when' alone, be consistent with the. constitution, which, it may be asked, would be incompatible with that instrument, if both were enacted ?
The law first enacted would not be; for, as the argument supposes either may be enacted consistent wi:h the constitution, that which is first enacted must, at the *93 time of enactment, be consistent with the constitution ; and if then consistent, it cannot become otherwise, by any subsequent act of the legislature. It must, there, fore, be the latter act, which the argument infers would be incompatible with the constitution.
xhe act to pi event perns .from <[' arms" i u. ronsti toconal and void‘
But suppose the order of enactment were reversed, and instead of being the first, that which was first, had been the last; the argument, to be consistent, should, nevertheless, insist on the last enactment being in c inflii t with the constitution. So, that the absurd consequence would thence follow, of making the same act of the legislature, either consistent with the constitution, or not so. according as it may precede or follow some other enactment of a different import. Besides, by insisting on the' previous act producing any effect on the latter, the argiimeut.implies that the previous one operates as a partial restraint on the right of the citizens to bear arms, and proceeds on the notion, that by prohibiting the exercise of the residue of right, not affected by the first act, the latter act comes in collision with the constitution. But it should not be forgotten, that it is riot only apart of the right that is secured by the constitution ; it is the right entire and complete, as it existed at the adoption of the constitution ; and if any portion of tiiat right be impaired, immaterial how small the part may be, and immaterial the order of time at which it be done; it is equally forbiden by the constitution.
4. Hence, we infer, that the act upon which the indictment against Bliss is founded, is in conflict with the constitution ; and if so, the result is obvious — result is what the constitution lias declared.it shall be, that the act is void.
And if to be incompatible With the constitution makes void the act, we musthavebeencorrect, throughout the examination of this case, in treating the question of compatibility, as one proper to be decided by the court. For it is emphatically the duty of die court to decide what 1 he law is ; and how is the law to be decided, unless it be known ? and how can it be known •without ascertaining, from a comparison with the constitution, whether there exist such an incompatibility between the acts of the legislature and the constitu. tion, as to make void the acts ?
*94 A blind enforcement of every act of the legislature, might relieve the court from the trouble and responsibility of deciding on the consistency of the legislative acts with the constitution 5 but the court would not be thereby released from its obligations to obey the mandates of the constitution, and maintain the paramount authority of that instrument $ and those obligations must cease to be acknowledged, or the court becomo insensible to the impressions of moral sentiment, be_¿< fore the provisions of any act of the legislature, which in the ojunion of the court, conflict with the constitution, can be enforced.
Whether or not an act of the legislature conflicts with the constitution, is, at all times, a question of great delicacy, and deserves the most mature and deliberate consideration of the court. But though a question of delicacy, yet as it is a judicial one, the court would be unworthy its station, were it to shrink from deciding it, whenever in the course of judicial examination, a decision becomes material to the right in contest. The court should never, on slight implication or vague conjecture, pronounce the legislature to have transcended its authority in the enactment of law; but when a clear and strong conviction is enter, tained, that an act of the legislature is incompatible with the constitution, there is no alternative for the court to pursue, but to declare that conviction, and pronounce the act inoperative and void. And such is the conviction entertained by a majority of the the coui't, (Judge Mixxs dissenting,) in relation to the act in question.
The judgment must consequently he reversed..