THE STATE v. WILFORTH, *Appellant.*

1. **Ignorance of the Law excuses no one for its Violation.** See *State v. Welch,* 73 Mo. 284.

2. **Instructions** suggesting theories of the case not supported by any evidence are properly refused.

3. **Carrying Weapons into Church:** CONSTITUTIONAL LAW. The act of March 30th, 1875, made it a misdemeanor for any one "to go into any church or place where people have assembled for religious worship, * * having upon or about his person any kind of fire-arms, bowie-knife,dirk,dagger, slung-shot or other deadly weapon." Acts 1875, p. 50. *Held,* that this act was directed against the practice of carrying *concealed* weapons, and was not an infringement of the constitutional right of the people to keep and bear arms, as secured by the second amendment to the Constitution of the United States.

*Appeal from Cape Girardeau Circuit Court.*—HON. D. L.
HAWKINS, Judge.

AFFIRMED.

*Wm. M. Morgan* for appellant.

*D. H. McIntyre,* Attorney General, for the State.

The law prohibiting the wearing of concealed weapons, is a police regulation for the protection of society and not an infringement of the constitutional right to bear

arms.   It does not prohibit the right to bear arms, but provides that they shall not be worn in a manner dangerous to the welfare of society.   *Nunn v. State,* 1 Kelly (Ga.) 243; *State v. Jumel,* 13 La. Ann. 399; *Owen v. State,* 31 Ala. 387; *State v. Buzzard,* 4 Ark. 18; *State v. Mitchell,* 3 Blackf. (Ind.) 229.

NORTON, J.—Defendant was indicted at the May term, 1877, of the circuit court of Cape Girardeau county for going into a church house in said county where people were assembled for literary purposes, viz: for the purposes of a school exhibition, the said defendant having about his person fire-arms, the said defendant not being a person whose duty it is to bear arms in the discharge of duties imposed upon him by law.   On the trial defendant was convicted and fined $10, and the cause is here on his appeal.   There being neither assignment of errors nor brief on the part of defendant, we are driven to the record for the ascertainment of the errors relied upon by him.   These errors, as disclosed by the record, are the action of the court in rejecting evidence, and refusing instructions asked by defendant, and the refusal of the court to arrest the judgment on the ground that the statute on which the indictment is founded is unconstitutional.

The only evidence rejected by the court was that of defendant, who being introduced as a witness, was asked to state whether, at the time he entered the house where a school exhibition was in progress, he knew it was contrary to law to carry arms, and whether or not he believed he had the right to carry arms.   This evidence was properly refused.   *Ignorantia legis excusat neminem.*

Defendant also asked the court to instruct the jury to the effect that if they believed defendant carried the pistol for the purpose of trade, or went into the house where the exhibition was going on having reasonable cause to believe that he would be in danger of bodily harm, and procured the pistol to protect himself against such harm, they would

34—74

acquit. These instructions were properly refused for the reason (if for no other) that there was not a scintilla of evidence upon which to base them.

It is also insisted that the statute on which the indictment was framed is in conflict with the 2nd article of amendments to the constitution of the United States, which declares "that the right of the people to keep and bear arms shall not be infringed." The statute which gave origin to the indictment, (Acts 1875, § 1, p. 50,) is directed against the practice of carrying concealed weapons or firearms, and the pernicious consequences flowing from such a practice. In Kentucky it has been held that any statute which denies to the citizen the right to carry arms, whether openly or concealed, is an infringement of the right guaranteed by the constitution. *Bliss v. Commonwealth*, 2 Litt. 90. The same doctrine prevails in Tennessee. On the other hand, in the states of Georgia, Louisiana, Arkansas, Indiana and Alabama, it has been held that a statute making it a misdemeanor for a person to carry concealed weapons, was not obnoxious to said constitutional provision. *Nunn v. State*, 1 Kelly (Ga.) 243 ; *State v. Jumel*, 13 La. Ann. 399 ; *State v. Buzzard*, 4 Ark. 18 ; *State v. Mitchell*, 3 Blackf. 229 ; *Owen v. State*, 31 Ala. 387; *State v. Reid*, 1 Ala. 612. In the last case above cited, in the disposition of the question, it was observed that " the constitution, in declaring that every citizen has the right to bear arms in defense of himself and the state, has neither expressly nor by implication denied to the legislature the right to enact laws in regard to the manner in which arms shall be borne. We do not desire to be understood as maintaining that in regulating the manner of bearing arms the authority of the legislature has no other limit than its own discretion. A statute which, under the pretense of regulating, amounts to a destruction of the right, or which requires arms to be so borne as to render them wholly useless for purposes of defense, would be clearly unconstitutional. But a law which is merely intended to promote personal security, and

to put down lawless aggression and violence, and to this end prohibits the wearing of certain weapons in such a manner as is calculated to exert an unhappy influence upon the moral feelings of the wearer, by making him less regardful of the personal security of others, does not come in collision with the constitution." Whether such statutes are or not in conflict with the federal constitution, is an open question so far as the federal courts are concerned, the question never having been passed upon by any of them, so far·as we know. Following the weight of authority as indicated by the state courts, and in the light of section 17, article 2 of the constitution of this State, which declares " that the right of no citizen to keep and bear arms in defense of his home, person or property, or in aid of the civil power, when thereto legally summoned, shall be called in question; but nothing herein contained is intended to justify the practice of wearing concealed weapons," we must hold the act in question to be valid and binding, and as intending only to interdict the carrying of weapons concealed. Judgment affirmed, in which all concur.