## THE STATE v. SHELBY, *Appellant.*

1. **Constitutional Law** : RIGHT TO BEAR ARMS : CONSTITUTION OF THE UNITED STATES. The second article of the amendments to the Constitution of the United States, securing to the people the right to keep·and bear arms, is a restriction upon the powers of the national government only, and not upon state legislation.

2. ——— : ——— : CARRYING CONCEALED WEAPONS. Section 1274, of the Revised ·Statutes, as amended by the act of March 5, 1883 (Laws, p. 76), prohibiting the carrying of concealed, dangerous, and deadly weapons upon the person, and the exhibition of the same, and the carrying of deadly weapons when intoxicated, is a reasonable regulation to which the citizen must yield, and is a valid exercise of the legislative power.

3. **Criminal Law** : CARRYING CONCEALED WEAPONS : DISTINCT OF-

The State v. Shelby.

FENCES. A person who, in a state of intoxication, has about his person a deadly weapon, is guilty of but one offence, where the proof shows but one carrying at the same time and place, and he cannot be convicted of both carrying about his person a deadly weapon, when under the influence of intoxicating drink, and for carrying concealed a deadly weapon.

*Appeal from Daviess Circuit Court.*—HON. CHAS. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*Rush & Alexander* for appellant.

*B. G. Boone*, Attorney General, for the state.

The statute upon which this indictment is based is not in conflict with, or repugnant to, the second article of the amendments to the federal constitution, or the seventeenth section of article 2, of the constitution of this state. The law prohibiting the wearing of concealed weapons, or while in a state of intoxication, is a police regulation for the protection of society, and not an infringement of the constitutional right to bear arms. The second article of the amendments of the federal constitution, which declares, "that the right of the people to keep and bear arms shall not be infringed," was never designed to prohibit the legislature from passing a law regulating the manner and mode of exercising this right. The question of the constitutionality of statutes, substantially similar to the one here under consideration, has been passed on by the highest courts of several of the states, but never by the Supreme Court of the United States. The state courts have decided differently on the question. Thus, in Kentucky, Tennessee, and Mississippi, they have held that the statutes were in conflict with the federal constitution, and, therefore, void. *Bliss v. Commonwealth*, 2 Little, 90. In this state, and in Georgia, Louisiana, Arkansas, Indiana, and Alabama,

a different ruling has prevailed. *State v. Wilforth*, 74 Mo. 528 ; *Nunn v. State*, 1 Kelly (Ga.) 243 ; *State v. Jumel*, 13 La. An. 399 ; *Owen v. State*, 31 Ala. 387 ; *State v. Reid*, 1 Ala. 612 ; *State v. Buzzard*, 4 Ark. 18 ; *State v. Mitchell*, 3 Blackf. 299.

BLACK, J.—The defendant was indicted in one count for carrying about his person a deadly weapon, when under the influence of intoxicating drink, and in the other for carrying concealed a deadly weapon. The weapon in each count is described as a revolving pistol ; and the indictment is based upon section 1274, Revised Statutes, 1879, as amended by the act of March 5, 1883 (Acts of 1883, p. 76).

The first question arises upon the action of the court in overruling a motion to quash, on the ground that the act is in conflict with the second article of the amendments to the constitution of the United States, which declares that: "A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms shall not be infringed," and section 17, article 2, of the state constitution, which declares, "that the right of no citizen to keep and bear arms in the defence of his home, person and property, or in aid of the civil power, when thereto legally summoned, shall be called in question ; but nothing herein contained is intended to justify the practice of wearing concealed weapons."

1. The second amendment to the constitution of the United States is a restriction upon the powers of the national government only, and is not a restriction upon state legislation. *United States v. Cruikshank et al.*, 92 U. S. 542 ; *Anderson v. State*, 3 Heiskel (Tenn.) 172 ; *Fife v. State*, 31 Ark. 455. This disposes of the question so far as that amendment is concerned.

2. The right of the legislature to prohibit the wearing of concealed weapons under state constitutions, in

many respects like our own, is now generally conceded. Indeed, our constitution, in express terms, says that it is not intended thereby to justify the practice of wearing concealed weapons. The portions of the act which make it an offence for any one to carry concealed upon his person a dangerous or deadly weapon, is clearly within the legitimate domain of legislative power. Another clause of the act makes it an offence for any one to have or carry any such weapon upon or about his person when intoxicated, or under the influence of intoxicating drinks. This court held in *State v. Wilforth*, 74 Mo. 529, that the act of March 13, 1875 (Acts of 1875, p. 50), which is now a part of section 1274, Revised Statutes, was valid and not in conflict with the constitution. That act, among other things, made it an offence for any one to go into any school room, or place where people are assembled for educational, literary, or social purposes, or to any election precinct on election day, having upon or about his person any kind of fire-arms, dirk, or other deadly weapon. It is to be observed that concealment is made no part of any of the several offences therein described. The validity of the act of 1875 is made to stand upon the ground that the legislature may thus regulate the manner in which arms may be borne. If this may be done, as to time and place, as is done by that act, no good reason is seen why the legislature may not do the same thing with reference to the condition of the person who carries such weapons. The mischief to be apprehended from an intoxicated person going abroad with fire-arms upon his person is equally as great as that to be feared from one who goes into an assemblage of persons with one of the prohibited instruments. The constitution secures to the citizen the right to bear arms in the defence of his home, person and property. The statute is designed to promote personal security, and to check and put down lawlessness, and is

thus in perfect harmony with the constitution. This is the more apparent when section 1274 is considered in connection with section 1275, which declares that it shall be a good defence to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defence of his person, home, or property. Conceding that a revolving pistol comes within the description of such arms as one may carry for the purposes designated in the constitution, which cannot be said of all the instruments prohibited by the act, still we are of the opinion the act is but a reasonable regulation of the use of such arms, and to which the citizen must yield, and a valid exercise of the legislative power.

3. The bill of exceptions does not set out the evidence, but it recites that the state adduced evidence tending to prove that the defendant, at the Palace hotel, which was a public house in the city of Gallatin, being then a guest of said hotel, took a pistol from his coat pocket, where it was concealed, and laid it upon his lap while seated at the table in the dining room, and that at the time the defendant was under the influence of intoxicating drink. One of the grounds stated in the motion for a new trial is, that the evidence only showed defendant had the pistol upon his person at one time, and yet he is found guilty and fined for two distinct offences. Carrying a deadly weapon is an element common to both offences charged in the indictment; and there is proof of but one carrying, and that at the same time and place. By the verdict the carrying of the weapon is first attached to the fact that the defendant was under the influence of intoxicating drink and made one offence. The same carrying is then attached to the fact of concealment and made another offence. Now all these elements existed at one and the same time. They

·constituted but one misdemeanor. The fact that defendant took the pistol out and laid it upon his lap, but furnishes the proof of his guilt, and in no just sense can it be said the defendant was guilty of two distinct ·offences. The state, under the evidence, could take a verdict of guilty for one offence, but not for both.

The judgment is, therefore, reversed, and the cause remanded. All concur.