(November 15, 1902.)

IN RE BRICKEY.

[70 Pac. 609.]

CONSTITUTIONAL LAW—BEARING ARMS, VOID STATUTE.—The act of the territorial legislature, approved February 4, 1889, which prohibits private persons from carrying deadly weapons within the limits or confines of any city, town, or village in Idaho, contravenes the provisions of the second amendment to the federal constitution and the provisions of section 11, article 1, of the constitution of Idaho, and is void.

POLICE REGULATIONS—FIREARMS—CARRYING CONCEALED WEAPONS.— While it is, undoubtedly, within the power of the legislature to prohibit the carrying of concealed deadly weapons, and such reg-

lation is a proper exercise of police power, yet the legislature does not possess the power to prohibit the carrying of fire-arms, as the right to do so is guaranteed to the citizen both by our federal and state constitutions.

(Syllabus by the court.)

An original proceeding in Supreme Court for writ of *habeas corpus*.

S. S. Denning, for Petitioner, files no brief.

Miles S. Johnson, County Attorney, for State, files no brief.

QUARLES, C. J.—The petitioner applies to this court for a writ of *habeas corpus,* and in the petition sets forth and shows that he is unlawfully imprisoned, confined, and restrained of his liberty by A. W. Kroutinger, sheriff of Nez Perces county, at the county jail in the county of Nez Perces, in the state of Idaho; that he is so imprisoned under a commitment which issued out of the justice's court of West Lewiston precinct, in the county of Nez Perces, in a criminal action wherein petitioner was convicted upon the charge of carrying a deadly weapon, to wit, a loaded revolver, within the limits and confines of the city of Lewiston, contrary to the provisions of the act of the territory of Idaho approved February 4, 1889 (Sess. Laws 1889, p. 27) ; and, in accordance with the prayer of said petition, the writ was issued, and return thereto duly made by the said sheriff. From the petition and return it appears that the only offense charged against the petitioner, of which he has been convicted, and is now restrained of his liberty, is that he carried a deadly weapon within the limits of the city of Lewiston, in contravention of the said act of February 4, 1889. The second amendment to the federal constitution is in the following language: "A well-regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed." The language of section 11, article 1 of the constitution of Idaho, is as follows: "The people have the right to bear arms for their security and defense, but the legislature shall regulate the exercise of this

right by law." Under these constitutional provisions, the legislature has no power to prohibit a citizen from bearing arms in any portion of the state of Idaho, whether within or without the corporate limits of cities, towns, and villages. The legislature may, as expressly provided in our state constitution, regulate the exercise of this right, but may not prohibit it. A statute prohibiting the carrying of concealed deadly weapons would be a proper exercise of the police power of the state. But the statute in question does not prohibit the carrying of weapons concealed, which is of itself a pernicious practice, but prohibits the carrying of them in any manner in cities, towns, and villages. We are compelled to hold this statute void. The statute being void, the said justice's court had no jurisdiction of the subject matter of the action, and the said judgment of conviction, and the commitment which issued thereon, and the detention of the petitioner under said commitment and judgment of conviction, are illegal and void.

The said judgment being void, *habeas corpus* will lie, and the prisoner should be discharged from custody, and it is so ordered.

Sullivan and Stockslager, JJ., concur.