## THE STATE v. MINON KEET, Appellant.

### Division Two, December 6, 1916.

1. **CONSTITUTIONAL LAW: Second U. S. Amendment: Concealed Weapons.** The Missouri statute against carrying concealed weapons is not in conflict with the Second Amendment to the U. S. Constitution. That amendment is a limitation upon the powers of the national Government, and has no reference to State legislation.

2. ————: **Bill of Rights: Concealed Weapons.** The Missouri statute against the carrying of concealed weapons is not in conflict with the Bill of Rights of the State Constitution which provides that "the right of no citizen to keep and bear arms in defense of his home, person and property, or in aid of the civil power, when thereto legally summoned, shall be called in question, but nothing herein contained is intended to justify the practice of wearing concealed weapons." The emphasis is not on the word "practice" but rather on the word "concealed." Carrying concealed weapons cannot be excused on the theory that these constitutional words are directed at the practice of habitually wearing concealed weapons.

3. ————: ————: **Personal Safety: Evidence.** The statute (Laws 1909, p. 452) does not permit a citizen to carry a concealed weapon for his personal safety; it does not exempt from its penalties those who carry a concealed weapon in self-defense; and it is not unconstitutional. Testimony that defendant just before his arrest had been assaulted by another who fired several shots at him, and that he was carrying the concealed weapon under well grounded fears for his personal safety, is not competent evidence.

Appeal from Greene Criminal Court.—*Hon. Arch A. Johnson,* Judge.

AFFIRMED.

*James B. Delaney* for appellant.

The court erred in excluding competent and relevant testimony, offered in cross-examination of witnesses for the State, as well as offered by testimony in behalf of the defendant, tending to show that defendant was carrying the pistol in the necessary defense of his person. (1) The action of the court is in violation of the natural rights of the defendant, of his

State v. Keet.

common-law rights and of the rights guaranteed by section 17, article 2, of the Constitution of the State of Missouri. (2) The Constitution (Art. 2, sec. 17) declares "that the right of no citizen to keep and bear arms in defense of his home, person and property . . . shall be called in question." This is an enunciation of natural law of which no citizen can be deprived by legislative enactment. (3) The negation in said constitutional provision, to-wit, "but nothing herein contained is intended to justify the practice of wearing concealed weapons," is not intended to be a limitation upon the right to bear arms in self-defense—each man being either justified or condemned by the facts in each particular case. The negation is designed merely to prevent the abuse of a natural right; is designed merely to prevent the practice of wearing concealed weapons or such practice under the guise of defense of the person. If the framers of the Constitution intended otherwise, intended such a radical, repressive measure against the law of nature, plainer, clearer language would have been used. They would have declared in unequivocal language that "no one even in defense of his person shall carry a concealed weapon." (4) The trial court justifies its ruling under the amendment of the law governing the carrying of concealed weapons. This position is untenable. The omission from the Revision of 1909 of the provision of Sec. 1863, R. S. 1899, to-wit: "It shall be a good defense to the charge of carrying such weapon, if the defendant shall show that he has been threatened with great bodily harm, or had good reason to carry the same in the necessary defense of his person," is not a legislative decree that such defense would not thenceforth be available, even if it had the power to make such a decree. (a) Said Sec. 1863, R. S. 1899, was neither a proviso or an exception to section 1862. (b) If it were not an exercise of judicial power (which we contend), it was merely declaratory of the common law and of the law of nature. (c) Without such enactment, such defense could have been rightly invoked.

(d) The repeal of such a declaration is neither indicative of an intention to deprive the citizen of such right, nor does it enlarge section 1862, because it is not an exception or proviso to section 1862, but an independent declaration, and the repeal of a merely declaratory law leaves the common-law principle unimpaired. So the omission of said section 1863 may have been for other good reasons: (a) Because it was a legislative invasion of the judicial field. (b) As expressed, it may have been too broad, and might have been held to warrant the carrying of such weapon while in a state of intoxication. (d) Or, the Legislature may have concluded it was not a subject to be regulated by rule, but should be remitted to the courts for each particular case to be settled by its own conditions.

*John T. Barker*, Attorney-General, *S. P. Howell*, Assistant Attorney-General, and *James V. Billings* for the State.

(1) The prohibition against carrying concealed arms is not an infringement on the constitutional right of the people to bear arms. Sec. 17, art. 2, Constitution; Sec. 4496, R. S. 1909; State v. Shelby, 90 Mo. 302; State v. Wilforth, 74 Mo. 528; State v. Reid, 1 Ala. 612; State v. Mitchell, 3 Blackf. (Ind.) 229. (2) The rulings and remarks of the trial court in admission of testimony were correct and proper.

ROY, C.—The defendant was convicted of carrying a concealed weapon, a revolver, and his punishment was assessed at a fine of $175. He has appealed.

On the trial the defendant offered evidence tending to show that he had just before his arrest been assaulted by one Tyndal, who fired several shots at him, and that he, the defendant, was carrying the pistol under well grounded fears for his personal safety. The court excluded such evidence. The propriety of that ruling is the only question involved in this appeal, which comes to this court because of the fact that it involves the construction of both the Federal and State constitutions.

I. Our statute against carrying concealed weapons is not in conflict with the second article of the amendments to the Constitution of the United States, as that amendment has no reference to State legislation, but is a limitation upon the powers of the national Government only. [State v. Shelby, 90 Mo. 302; Presser v. Illinois, 116 U. S. 252.]

**Second Amendment.**

II. Neither is that statute in conflict with the Bill of Rights in our State Constitution which provides, "That the right of no citizen to keep and bear arms in defense of his home, person and property, or in the aid of the civil power, when thereto legally summoned, shall be called in question, but nothing herein contained is intended to justify the practice of wearing concealed weapons."

**Bill of Rights.**

Counsel for appellant contends that the word "practice" as there used has reference to the man who individually makes a practice of wearing concealed weapons, as distinguished from him who temporarily wears them for self-defense. We think otherwise. The word "practice" as there used has reference to an existing practice or custom, more or less general among citizens, of wearing such weapons concealed; and the intention is that the Legislature shall have the power to destroy such practice or custom by prohibiting the wearing of concealed weapons by any individual, even the wearing of them temporarily and for self-defense. For it is only by punishing the individuals severally that the practice or custom can be destroyed.

That word "practice" will be found in some of the cases hereinafter cited, and in no case is it used in the sense contended for by the appellant. Appellant's brief says:

"The word *practice* as used therein is significant. It would be doing outrage to every natural impulse and to the universal sentiment of mankind to say that a man may not bear arms in *such manner* and of *such*

269 Mo.—14

*character* and at *such time* and·*place* as *he* may deem *necessary for self-preservation,* leaving always to the law of the land and to his peers the question of his *good faith* and the *necessity* or *reasonableness* of his conduct.''

A claim so boldly made should be squarely met. We have been able to find but two cases in the Union holding a law unconstitutional because it prohibited the carrying of concealed weapons. In State v. Rosenthal, 75 Vt. 295, a city ordinance against carrying concealed weapons was held contrary to the constitution of that state which provided that ''the people have the right to bear arms for the defense of themselves and of the State.''· There is nothing said in that Constitution about ''the practice of wearing concealed weapons.'' Not a single authority is there cited to support the ruling.

The other case is Bliss v. Commonwealth, 2 Litt. (12 Ky.) 90, decided in 1822. It held a statute against carrying certain weapons concealed to be contrary to the constitution which provided ''that the right of the citizen to bear arms in defense of themselves·and the State shall not be questioned.'' The statute made no exception where the weapon was carried in self-defense and self-defense was not a ground of defense in the case, yet the court held that the statute was unconstitutional, saying: ''For, in principle, there is no difference between a·law prohibiting the wearing of concealed arms, and a law forbidding the wearing of such as are exposed; and if the former be unconstitutional, the latter must be so likewise.''

That case has never been cited with approval, but has often been disapproved. We have noticed that Bishop on Stat.·Crimes, sec. 793, note, cites as in harmony with the Bliss case, Ely v. Thompson, 3 A. K. Mar. (Ky.) 70; Jennings v. State, 5 Tex. App. 298; Leatherwood v. State, 6 Tex. App. 244, and Wilson v. State, 33 Ark. 557.

On examination we find that Ely v. Thompson involved the validity of a statute which provided for the

infliction of cruel and unusual punishments, but did not involve the carrying of concealed weapons. The two Texas cases cited upheld the power of the Legislature to regulate the wearing of arms, but merely held invalid the provision of the statute for the forfeiture of the weapon. In the Arkansas case there cited the statute was against the carrying of certain weapons whether concealed or not. The court cited with apparent approval Fife v. State, 31 Ark. 455, in which the power of the Legislature to prohibit the wearing of concealed weapons is recognized. We note also that State v. Wilforth, 74 Mo. 528, says that the doctrine of the Bliss case prevails in Tennessee. No case from that State is there cited. We can find none. Aymette v. State, 21 Tenn. (2 Hump.) 154, and Andrews v. State, 50 Tenn. (3 Heis.) 165, uphold the right of the Legislature to prohibit the wearing of concealed weapons and disapprove the Bliss case.

Section 1, paragraph 7, of the present Kentucky Bill of Rights preserves to the people "the right to bear arms in defense of themselves and of the State, subject to the power of the General Assembly to enact laws to prevent persons from carrying concealed weapons." The statute of that state passed in 1854 against carrying concealed weapons made an exception where it was done in self-defense. That exception has been dropped from the present statute of that state. [See R. S. of Ky. 1909, secs. 3391 to 3396 inclusive.]

Hopkins v. Commonwealth, 66 Ky. 480, decided while the exception above mentioned was in the statute, said:

"A statute so beneficent and so often and so easily evaded, should be vigilantly upheld, and stringently enforced by the judiciary for repressing a dishonorable and mischievous practice, which, licensed or unlicensed, leads, almost daily, to causeless homicides and disturbances, which would otherwise never be perpetrated; and to that end, the accused should always be required to prove that he carried a concealed weapon only for the purpose of defending himself or family or property against an impending attack, reasonably

apprehended, and which, if attempted, would justify the use of some such means of defense.''

State v. Reid, 1 Ala. 612, was decided in 1840. The constitution of that state then provided that ''every citizen has a right to bear arms in defense of himself and the State.'' The statute prohibited the carrying of certain named weapons concealed, without any exception in favor of a person acting in self-defense. The evidence showed that the defendant had been attacked by a dangerous and desperate character who threatened his person and came to his office several times to look for him. The court refused an instruction to the effect that defendant had a right to carry the weapon concealed for self-defense, but instructed that the defendant had no such right. The judgment was affirmed. The Bliss case was expressly disapproved, the court saying:

''The question recurs, does the act, 'To suppress the evil practice of carrying weapons secretly,' trench upon the constitutional rights of the citizen. We think not. The Constitution in declaring that 'every citizen has the right to bear arms in defense of himself and the State,' has neither expressly nor by implication denied to the Legislature the right to enact laws in regard to the manner in which arms shall be borne. The right guaranteed to the citizen, is not to bear arms upon all occasions and in all places, but merely 'in defense of himself and the State.' The terms in which this provision is phrased seems to us necessarily to leave with the Legislature the authority to adopt such regulations of police as may be dictated by the safety of the people and the advancement of public morals.''

This court in State v. Wilforth, 74 Mo. 528, made its choice between the Bliss and the Reid cases, giving the preference to the latter, so far as the questions as there presented were involved. In that case this court said that the statute was ''directed against the practice of carrying concealed weapons or firearms, and the pernicious consequences flowing from such a practice.''

The word "practice" is there considered as having the same meaning that we are giving it, and not the one contended for by appellant.

It was said in In re Brickey, 8 Idaho, 597:

"A statute prohibiting the carrying of concealed deadly weapons would be a proper exercise of the police power of the State. But the statute in question does not prohibit the carrying of weapons concealed, which is of itself a pernicious practice, but prohibits the carrying of them in any manner in cities, towns and villages. We are compelled to hold this statute void."

And in State v. Buzzard, 4 Ark. 18, the court said:

"The act in question does not, in my judgment, detract anything from the power of the people to defend their free state and the established institutions of the country. It inhibits only the wearing of certain arms concealed. This is simply a regulation as to the manner of bearing such arms as are specified. The practice of so bearing them, the legislative department of the government has determined to be wrong, or at least inconsistent with sound policy."

In Nunn v. State, 1 Ga. 243, it is said: ·

"We are of the opinion, then, that so far as the act of 1837 seeks to suppress the practice of carrying certain weapons *secretly,* that it is valid, inasmuch as it does not deprive the citizen of his *natural* right of self-defense, or of his constitutional right to keep and bear arms. But that so much of it as contains a prohibition against bearing arms *openly,* is in conflict with the Constitution, and *void."*

Our constitutional provision on the subject originated in 1875. The words, "the practice of wearing concealed weapons," are, as we have seen, the language of the courts of our sister states; and there is no reason for thinking that those words are used in the Constitution in a sense other than the one given them in the reported cases.

We had no statute on the subject until the Act of March 26, 1874 (Laws 1874, p. 43).

The provision exempting those who carried a weapon in self-defense from the penalty of the law originated in the Revised Statutes of 1879, section 1275. That provision was expressly repealed by the Act of April 28, 1909 (Laws 1909, p. 452), and has never been re-enacted.

In State v. Wilforth, supra, and in State v. Shelby, 90 Mo. 302, the power of the Legislature to prohibit the carrying of concealed weapons was affirmed, but those cases did not, like this, involve the right to prohibit the carrying of such concealed weapons for self-defense, under reasonable apprehension of danger.

Less than a century ago the arms of the pioneer were carried openly, his rifle on his shoulder, his hunting knife on his belt. Since then deadly weapons have been devised small enough to be carried effectively concealed in the ordinary pocket. The practice of carrying such weapons concealed is appreciated and indulged in mainly by the enemies of social order. Our State has been one of the slowest to act in meeting this comparatively new evil, but she has finally spoken in no uncertain language.

The judgment is affirmed. *Williams, C.,* concurs.

PER CURIAM.—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.