THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAYNARDO WILLIAMS, Defendant-Appellant.

First District (4th Division)   No. 77-130

Opinion filed May 25, 1978.

James J. Doherty, Public Defender, of Chicago (Marc Fogelberg, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, Raynardo Williams was convicted of the unlawful use of weapons within 5 years of conviction for a felony. On February 9, 1976, he was sentenced to 2½ to 7½ years in the penitentiary.

On appeal, the defendant raises for the first time the constitutionality of the statute under which he was convicted (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)). The issues raised on review are (1) whether the defendant's failure to raise the constitutional question at trial constituted a waiver of

that issue, and (2) whether the statute in question violates article I, section 22 of the Constitution of the State of Illinois.

We affirm.

The facts show that defendant Williams was arrested by a Chicago police officer on September 30, 1975, while walking south on Larrabee Street. Testimony revealed that when Williams saw the cruising squad car, he stopped and dropped an object which was subsequently discovered to be a .32-caliber pistol loaded with four live rounds of ammunition and one spent round.

At trial, Williams denied that he had been in possession of the gun and denied having seen the officers before they exited the squad car. The prosecutor introduced into evidence a copy of Williams' previous conviction on an unlawful use of weapons charge on June 17, 1974, upon which the defendant was placed on 3 years probation.

■■ The defendant urges that his failure to raise the constitutional issue at trial does not bar its presentation here. (*People v. Graves* (1974), 23 Ill. App. 3d 762, 766, 320 N.E.2d 95, 98.) We agree with this position. The right not to be convicted under a statute whose constitutionality is questioned is a substantial right deserving of special notice by this court. (*People v. Amerman* (1971), 50 Ill. 2d 196, 201, 279 N.E.2d 353, 356.) The court in *Graves* noted:

> "Since defendant here challenges the constitutional validity of the statute under which he was convicted and sentenced, his objection is not waived by failure to present it at the trial court. Were the statute unconstitutional, it would be, as stated by the supreme court in *Frey,* 'erroneous and void,' and, in this event, defendant would have been convicted of a charge which failed to state an offense." *Graves*, 23 Ill. App. 3d 762, 766.

The defendant further contends that section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)) contravenes the right-to-arms clause of the Illinois Constitution. (Ill. Const. 1970, art. I, §22.) We disagree with this position.

The right-to-arms clause of the Illinois Constitution preserves the right of individuals to keep and bear arms "Subject only to the police power * * *," while section 24—1(a)(10) of the Criminal Code creates an offense of unlawful use of weapons when one knowingly "carries or possesses in a vehicle or on or about his person within the corporate limits of a city, * * * except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

Although defendant recognizes the legislative intent to regulate the possession and use of weapons for the safety and good order of society, he, nevertheless, finds in this provision an absolute prohibition against such conduct and cites the decision in *In re Brickley* (1902), 8 Idaho 597,

70 P. 609, wherein the Idaho Supreme Court found unconstitutional a local ordinance that prohibited the carrying of weapons within the city limits. The court there held such an ordinance to be a violation of the State constitution's right-to-arms clause which was substantially the same as the Illinois provision. The court in *Brickley* went on to say, "The legislature may, as expressly provided in our state constitution, regulate the exercise of this right, but may not prohibit it. A statute prohibiting the carrying of concealed deadly weapons would be a proper exercise of the police power of the state." (*Brickley*, at 599.) While this court is not bound to follow the decision of courts in other states (*Occhino v. Illinois Liquor Control Com.* (1975), 28 Ill. App. 3d 967, 971, 329 N.E.2d 353, 357), *Brickley* is noted here because of the similarity of its statutory provision to that of Illinois.

■■ Careful reading of the statute does not elicit a total prohibition against the use and possession of firearms. It merely regulates their use and sets out numerous exceptions which, taken together, cannot be construed as a total prohibition against such use. For example, the statute does not prevent an individual from possessing a weapon while in his own home or place of business. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10).) Nor are licensed hunters and fishermen prevented from carrying weapons while engaging in their pursuits. (Ill. Rev. Stat. 1975, ch. 38, par. 24—2(b)(3).) Several other exemptions are set forth in chapter 38, section 24—2 of the statute. In no way do these exceptions and exemptions constitute a total ban violative of the right-to-arms clause.

■■ Further, we find the restrictions imposed by the statute to be a reasonable and necessary exercise of the State's police power as provided in article I, section 22 of the Illinois Constitution. We note the decision of *People v. Graves* (1974), 23 Ill. App. 3d 762, 320 N.E.2d 95, wherein another constitutional issue was raised with respect to this same statute. The court in *Graves* took cognizance of the fact that the statute was enacted for the purpose of limiting the availability of firearms in heavily populated areas where crime rates were substantially higher than in less populated areas. The court found this statute to be a valid exercise of the State's police power, the State having a valid interest in controlling crime within its borders. *Graves*, at 767.

Our supreme court said in *Brown v. City of Chicago* (1969), 42 Ill. 2d 501, 504, 250 N.E.2d 129, 131:

"Also invoked is the second amendment to the United States [C]onstitution, which says that 'a well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.' Contentions that this right precludes firearm regulation and control have been answered both in this State (*Biffer v. City of Chicago*, 278 Ill. 562) and, more

recently, elsewhere. (*Burton v. Sills*, 53 N.J. 86, 248 A.2d 521.) * * * As the opinion in the *Burton* case points out, regulation which does not impair the maintenance of the State's active, organized militia is not in violation of either the terms of the purposes of the second amendment."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DIERINGER and ROMITI, JJ., concur.