THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT WAGNER, Defendant-Appellant.

Fifth District    No. 79-298

Opinion filed November 25, 1980.

SPOMER, J., dissenting.

John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Martin N. Ashley and Gillum Ferguson, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant-appellant Robert Wagner was convicted of selling 0.4 grams of a brown powder which he represented to be heroin to an undercover agent of the Illinois Department of Law Enforcement, in violation of section 404 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1404). It was stipulated at trial that in fact the brown powder was neither heroin nor any other controlled substance. The defendant was sentenced to two years in prison. We affirm.

On appeal, defendant contends that the statute under which he was tried and convicted is unconstitutional "as an irrational classification which serves to punish individuals more severely for the delivery of innocuous substances than for the delivery of controlled substances."

Section 404 of the Controlled Substances Act provides as follows:

"Except as authorized by this Act, it is unlawful for any person knowingly to deliver or possess with intent to deliver any substance which he represents to be a controlled substance. Any person who violates this Section is guilty of a Class 3 felony. The fine for violation of this section shall not be more than $15,000."

Conceding that the State possesses a legitimate interest in regulating the distribution and use of controlled substances, the defendant argues that section 404 does not rationally further that purpose and violates the equal protection clauses of the United States and Illinois constitutions. The defendant cites *People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407, where the Illinois Supreme Court held that the classification of marijuana with narcotics for punishment purposes was a denial of equal protection, and argues that there is an even clearer distinction between the delivery of a non-controlled substance and a controlled substance than between cannabis and "hard drugs."

The defendant does not contend that the delivery of a noncontrolled substance may not subject one to punishment under the criminal law. He argues, rather, that section 404 is constitutionally infirm in that it permits a person who delivers (or possesses with intent to deliver) a harmless

substance to be punished more severely than a person who actually delivers a controlled substance. (Compare section 404 with sections 401(e) and (f), making the delivery of Schedule IV and V substances Class 4 felonies for which one convicted may be fined up to $10,000 and $5,000 respectively.)[1]

The State initially takes the position that the defendant's appeal should be dismissed because of his failure to file a post-trial motion. (*People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) It is true that the waiver rule has been applied even where the defendant's challenge to the constitutionality of a statute has been made in the trial court, but not properly preserved for review. (See, *e.g., People v. Amerman* (1971), 50 Ill. 2d 196, 279 N.E.2d 353.) Nevertheless, although we have no obligation to do so, we have determined as a matter of grace to review the issue raised on the merits, as the constitutionality of the statute was brought into question and passed upon by the court below. (See *People v. Williams* (1978), 60 Ill. App. 3d 726, 377 N.E.2d 285; *People v. Miles* (1977), 53 Ill. App. 3d 137, 368 N.E.2d 187; *People v. Behnke* (1976), 41 Ill. App. 3d 276, 353 N.E.2d 684; *cf. People v. Bratu* (1970), 123 Ill. App. 2d 92, 259 N.E.2d 598 (constitutionality of predecessor purported-narcotic statute, not raised in trial court, could not be considered on appeal).

On the merits, the State contends that section 404 represents a proper exercise of the police power. It is argued that the delivery of an actual controlled substance may not in all cases be a more serious offense than delivery of a brown powder falsely represented to be a controlled substance, because of the violence that may result when a buyer discovers that he has been cheated. Without such a statute, the State contends, many of the most serious deliveries would escape punishment because of the presecution's inability to establish the nature of the substance beyond a reasonable doubt. Thus, according to the State, the statutory scheme under attack has a rational basis and should be upheld.

A recent decision of the Illinois Supreme Court, handed down after the filing of briefs in the instant case, is dispositive of defendant's argument that section 404 of the Controlled Substances Act violates his equal protection rights. In *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, the court rejected the equal protection analysis of *People v. Natoli* (1979), 70 Ill. App. 3d 131, 387 N.E.2d 1096 (also cited by defendant), where the appellate court had held that a defendant convicted under a statutory scheme providing a greater penalty for possession of a Schedule IV controlled substance than for delivery of the same

---

[1] By Public Act 81-583, effective September 14, 1979, sections 401(e) and (f) were amended to make the delivery of Schedule IV and V substances Class 3 felonies. The authorized fines were left unchanged. See Ill. Ann. Stat., ch. 56½, par. 1401 (Smith-Hurd 1980-1981 Supp.).

substance was denied the equal protection of the law. The court in *Bradley* stated in part:

> "The equal protection clause does not deny States the power to treat different classes of persons in different ways. [Citations.] Only '[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and (penalizes) one and not the other' does the equal protection clause come into play. [Citations.] That clause requires equality between groups of persons 'similarly situated'; it does not require equality or proportionality of penalties for dissimilar conduct. [Citations.]
>
> The situation in *Natoli* differs from that in *McCabe*. In *Natoli* there was no disparate treatment of 'similarly situated' classes of persons. There, the court failed to recognize that, under section 401 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par 1401), all persons charged with the manufacture or delivery of a controlled substance are treated identically. Similarly, under section 402(b) (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)), all persons charged with the possession of a controlled substance are treated alike. Therefore, the *Natoli* court was in error when it concluded that the equal protection clause had been violated.
>
> *Sub judice*, then, no equal protection violation emerges, for one cannot claim that a defendant convicted of possession is similarly situated to one convicted of delivery. By the very definition of the offenses, those accused of one would be dissimilarly situated from those accused of the other. We conclude that section 402(b) of the Act does not violate the equal protection clause." 79 Ill. 2d 410, 416-17.

We conclude that *Bradley* negates the defendant's equal protection argument. Those who deliver substances purported to be controlled substances are in a different class from those who actually deliver controlled substances. Their conduct is dissimilar; therefore, equality or proportionality of penalties is not required by the equal protection clause. All persons charged with violating section 404 are treated alike, so far as potential penalties go. Therefore, that section does not violate the equal protection clause.

Following the refutation of the equal protection argument, the court in *Bradley* went on to hold that the challenged statute did violate the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, §2), because it was not reasonably designed to remedy the evil which the legislature had determined to be the greater threat to the public health, safety, and general welfare—that is, trafficking in, as opposed to the unlawful use of, controlled substances. It has been suggested that this court should gratuitously apply the reasoning of the *Bradley* case to the

facts of this case and find that where defendant was convicted and punished for a violation of section 404 of the Controlled Substances Act his rights to due process of law were violated.

Since the *Bradley* case was decided after the briefs were filed in this case, neither defendant nor the People have addressed the question.

Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)) authorizes the gratuitous raising of issues when the error is plain and affects substantial rights. Rule 615(a) was discussed in *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831. The thrust of that opinion is that the rule is a laudatory one but should be applied with caution and circumspection. A concluding sentence states: "In exercising the power [conferred by Rule 615(a)] care should be taken that the litigants are not deprived of an opportunity to present argument." (Also see *People ex rel. Wilcox v. Equity Funding Life Insurance Co.* (1975), 61 Ill. 2d 303, 335 N.E.2d 448.) Since the due process application of *Bradley* has not been briefed before us, we are disinclined to consider it. Nevertheless under the circumstances some comment upon our part would not seem inappropriate.

In order to make a blanket application of the due process argument of the *Bradley* case to the case under consideration it would be necessary to treat noncontrolled substances as being in the same category as controlled substances. They are not. The legislature recognized the obvious distinctions and created a separate offense with separate penalties for those who choose deception and deceit as their avenue to profits from the illicit drug trade. The purposes and objectives of the legislature as expressed in section 100 of the Controlled Substances Act are in no way offended by the penalty provision of section 404 of that act.

In *Bradley* the supreme court noted that the purposes and objectives of the Controlled Substances Act, as expressed in its section 100, was to "penalize most heavily the illicit traffickers or profiteers *of controlled substances* * * * : It is not the intent of the General Assembly to treat the unlawful user or occasional petty distributor *of controlled substances* with the same severity as the large-scale, unlawful purveyors and traffickers *of controlled substances*." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 56½, par. 1100.

In commenting on section 100 the supreme court stated that the legislature intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them. Since section 402(b) was found to be in contravention of the legislative intent, it was found violative of due process.

In the case at bar we are not concerned with either the sale or the possession of controlled substances. The purposes and objectives of the legislature as expressed in section 100 do not address the purpose

underlying the adoption of section 404. Section 404 makes it a crime to profit from illicit drug traffic by delivering or possessing any substance represented to be a controlled substance. Thus, its impress is upon the use of deceit and deception to profit from narcotic addicts or others involved in the illicit drug trade. Proof of the existence of controlled substances is unnecessary to establish a violation.

In *People v. Calcaterra* (1965), 33 Ill. 2d 541, 213 N.E.2d 270, the supreme court expressly stated that the purpose of section 404 was "to discourage illicit traffic in narcotics * * * ." The penalty provision of section 404 is reasonably designed to remedy the evil sought to be prohibited by the legislature by section 404. There is no violation of due process. There is no necessity that the penalty provision of section 404 bear a reasonable relation to any of the penalty provisions of the Act relating to sale or possession of controlled substances.

It is worth noting, but not surprising, that when the legislature amended sections 401 and 402 to correct the due process objection addressed in the *Bradley* case, section 404 was left untouched. Section 404 provides for but one crime with one penalty category. Whether the section 404 offender sells one small packet or a ton of an uncontrolled substance which he represents to be a controlled substance, or whether he represents the substance to be heroin or valium, the crime is the same and the penalty range provided will apply. Considerations contained in the sentencing provisions of the statutes will govern the sentence to be imposed in the same manner as though the conviction were for any other crime that does not involve sale or possession of a controlled substance.

The position of those who advocate the *Bradley* application would seem to be that if the penalty provision of section 404 were classified as to the type of controlled substance the offender was purporting to sell, then it would pass due process muster so long as the 404 class penalty was less than the corresponding 401 or 402 class penalty. Such lock-step penalties are not constitutionally required where the objectives and purposes of the separate statutes are different and the penalties for violation of each of these statutes are reasonably designed to accomplish the assigned purposes and objectives.

Affirmed.

KARNS, J., concurs.

Mme JUSTICE SPOMER, dissenting:

As the opinion of the majority acknowledges, section 404 of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1404) permits

a person who delivers a harmless, noncontrolled substance to be punished more severely than another person who actually delivers a substance which is controlled. Because all persons convicted of violating section 404 are subject to the same possible penalties, and thus those similarly situated are treated similarly, the statute is unobjectionable on equal-protection grounds. Nevertheless, as recognized by the supreme court in *People v. Bradley* (1980), 79 Ill. 2d 410, 403 N.E.2d 1029, due process is offended by a statute which authorizes the imposition of penalties not reasonably designed to remedy the evil which the statute seeks to prohibit. In my opinion, section 404 is such a statute.

In *People v. Calcaterra* (1965), 33 Ill. 2d 541, 213 N.E.2d 270, *cert. denied* (1966), 385 U.S. 7, 17 L. Ed. 2d 8, 87 S. Ct. 65, the defendant was sentenced to three to 10 years in prison upon his conviction of selling a bag of milkweed under the representation that it was marijuana. On appeal, he contended that a law making it a criminal offense to sell a nonnarcotic substance was in no way related to the public health, safety, welfare, or morals, and was therefore an invalid exercise of the police power. In upholding the constitutionality of the statute, the court stated:

> "The legislature might reasonably have assumed that when an individual purports to unlawfully furnish or arrange the sale of narcotic drugs he is participating in the illicit trade whether or not the substance he sells or furnishes is in fact a narcotic. By holding himself out as a source of supply he is encouraging the purchaser to continue his unlawful habit and, in selling a non-narcotic substance, the peddler is realizing funds which in many instances will be used to further actual narcotics traffic. Furthermore, * * * many vendors of narcotics upon initial contact will, in order to avoid selling to a police officer or informer, actually test the buyer by first selling him a non-narcotic substance. The section here enables enforcement officers to effectively meet this phase of the illegal drug traffic, and to prevent its development into actual sales of drugs. We conclude that the purpose of the section is to discourage illicit traffic in narcotics and is reasonably related to the public safety and welfare." 33 Ill. 2d 541, 545, 213 N.E.2d 270, 272-73.

This case, however, is different from *Calcaterra*.[2] No contention is made here that the General Assembly may not declare it a criminal offense to sell a noncontrolled substance which is represented to be a

---

[2] Calcaterra's conduct would not be a criminal offense in Illinois today. The statute under which he was convicted (Ill. Rev. Stat. 1961, ch. 38, par. 22—40) has been repealed, and no parallel to section 404 appears in the Cannabis Control Act (Ill. Rev. Stat. 1977, ch. 56½, par. 701 *et seq.*).

controlled substance. Rather, the narrower question presented is whether due process is violated when such an offense carries a potential penalty more severe than that which may be imposed for actual delivery of a controlled substance. Is such a penalty provision, in other words, reasonably designed to remedy the evil sought to be prohibited by the legislature? Unlike the majority, I am unable to conclude that it is.

According to *Bradley*, the purposes and objectives of the statute must be considered in determining whether it is so reasonably designed. One declared purpose of the Controlled Substances Act is to "acknowledge the functional and consequential differences between the various types of controlled substances and provide for correspondingly different degrees of control over each of the various types * * * ." (Ill. Rev. Stat. 1977, ch. 56½, par. 1100(4).) Granted that section 404 is aimed generally at the societal harm flowing from the illicit traffic in controlled substances, it can hardly be denied that there are, *a fortiori*, "functional and consequential differences" between controlled substances and noncontrolled ones. I am not willing to concede that the legislature might reasonably have assumed that a person who sells a truckload of Valium should be potentially subject to a less severe sentence than a person who gives a caffeine tablet to someone and deceitfully tells him that it is an amphetamine.

Though the legislature's discretion in prescribing penalties for defined offenses is broad, it is not unreviewable. It remains subject not only to the due process clause (see, *e.g., People v. Bradley* and cases cited therein), but to section 11 of article I of the Illinois Constitution, requiring that penalties be determined according to the seriousness of offenses. (See, *e.g., People v. Grant* (1978), 71 Ill. 2d 551, 377 N.E.2d 4.) Because in my view section 404 violates both of these constitutional provisions, I would reverse the defendant's conviction, and therefore respectfully dissent.