**CITY OF CAPE GIRARDEAU,**
Respondent,

v.

**William JOYCE, Appellant.**

No. 65230.

Missouri Court of Appeals,
Eastern District,
Southern Division.

July 12, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1994.

Application to Transfer Denied
Oct. 25, 1994.

Allen E. Moss, Jr., Jackson, William Eric Cunningham, Cape Girardeau, for appellant.

Walter S. Drusch, Jr., Cape Girardeau, for respondent.

CARL R. GAERTNER, Presiding Judge.

Section 17–98(a)(5) of the Code of Ordinances of the City of Cape Girardeau provides as follows:

(a) a person commits the offense of unlawful possession or use of weapons if he knowingly;

\* \* \* \* \* \*

(5) openly carries a firearm readily capable of lethal use.

William Joyce stipulated that he drove a motorcycle on the streets of Cape Girardeau with a loaded .32–caliber pistol on his person plainly visible in a holster. He was charged and found guilty of a violation of the ordinance. After declining the trial court's offer to suspend the imposition of sentence, he was fined $50. Mr. Joyce appeals. We affirm.

■ Throughout the proceedings, Mr. Joyce has asserted a constitutional challenge to the validity of Section 17–98(a)(5). He contends the ordinance contravenes Article I, Section 23 of the Missouri Constitution of 1945 which provides:

"That the right of every citizen to keep and bear arms in defense of his home, person and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons."

The city maintains its ordinance is authorized by Sec. 21.750 RSMo.1986 which, while preempting to the General Assembly the entire field of legislation regarding firearms, specifically excepts and authorizes "any ordinance of any political subdivision . . . which regulates the open carrying of firearms readily capable of lethal use. . . ."

■ Mr. Joyce responds that the enabling legislation also unconstitutionally violates of Article I, Section 23.[1]

Every constitution adopted by the citizens of the State of Missouri since its inception in 1820 has contained language virtually identical to that of Article I, Section 23. However, such constitutional provisions have never

been held to deprive the General Assembly of authority to enact laws which regulate the time, place and manner of bearing firearms. In 1881, one Wilforth was convicted of violating a statute which prohibited the carrying of a firearm into a church or place of religious worship. In upholding the statute against a constitutional challenge, the Missouri Supreme Court adopted the language of the Supreme Court of Alabama in *State v. Reid*, 1 Ala. 612, and stated "the constitution, in declaring that every citizen has the right to bear arms in defense of himself and the state, has neither expressly or by implication denied to the legislature the right to enact laws in regard to the manner in which arms shall be borne." *State v. Wilforth*, 74 Mo. 528, 530, 41 Am.Rep. 330 (1881).

In *State v. Shelby*, 90 Mo. 302, 2 S.W. 468 (1886), the Missouri Supreme Court rejected a constitutional attack upon a statute which prohibited the carrying of a weapon into a school or place where people are assembled for educational, literary or social purposes, or into an election precinct or while intoxicated. "It is to be observed that concealment is made no part of any of the several offenses therein described. The validity of the Act of 1875 is made to stand upon the ground that the legislature may thus regulate the manner in which arms may be borne." *Id.* at 305, 2 S.W. 468.

In *Shelby*, the Supreme Court also noted "[t]he constitution secures to the citizen the right to bear arms in the defense of his home, person and property." *Id.* Thus, Article I, Section 23 does not purport to convey an entirely unfettered right to bear arms at any time under any circumstances, but expressly limits the right to the defense of home, person or property. The burden of injecting the issue of justification in defense of person, premises or property is upon the defendant. Sections 563.031, 563.036 and 563.041 RSMo.1986. Mr. Joyce made no effort to meet this burden.

Moreover, the proscription of the ordinance as authorized by the statute does not prohibit the open carrying of all firearms,

---

1. Although Mr. Joyce argues that Section 21.750 RSMo.1986 is unconstitutional, his appeal is from a conviction of an ordinance violation. Therefore, he has no standing to assert a direct attack upon the constitutionality of the statute. Accordingly, we have jurisdiction.

only those "readily capable of lethal use." Mr. Joyce may ride his motorcycle through the City of Cape Girardeau wearing a pistol on his hip provided he leave his ammunition at home. "Without question, society has a legitimate interest in placing on the possessor of [a firearm] the burden of ascertaining at his peril that it is unloaded before he ventures forth with it in public." *People v. Dillard,* 201 Cal.Rptr. 136, 139, 154 Cal. App.3d 261, 268 (Cal.Ct.App.1984).

In upholding the constitutionality of the statute prohibiting the carrying of a firearm upon the public streets of a first-class city, the Superior Court of Pennsylvania stated:

> That the right to bear arms guaranteed by the Constitution is not an unlimited right is almost universally accepted. That a reasonable regulation in a gun control law is a valid exercise of the police power of the Commonwealth prescribing for the good order and protection of its citizens. (Citations omitted) *Commonwealth v. Ray,* [218 Pa.Super. 72], 272 A.2d 275, 279 (Pa.Super.Ct.1970).

Nothing in the Missouri constitution limits the power of the legislature to enact laws pertaining to the time, place and manner of carrying weapons. It is entirely proper for the General Assembly to recognize that the use and the abuse of firearms are matters appropriately left to local control and to delegate its authority to regulate the carrying of firearms as is deemed necessary by political subdivisions of the state.

Accordingly, the judgment of the trial court is affirmed.

SIMON and CRANE, JJ., concur.