(No. 54434.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT WAGNER, Appellant.

*Opinion filed February 19, 1982.—Rehearing denied March 25, 1982.*

309

RYAN, C.J., and UNDERWOOD and GOLDENHERSH, JJ., dissenting.

John H. Reid, Deputy Defender, and Randy E. Blue, Assistant Deputy Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellant.

Tyrone C. Fahner, Attorney General, of Springfield, and John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Gillum Ferguson, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

JUSTICE CLARK delivered the opinion of the court:

On January 4, 1979, Robert Wagner was indicted by a St. Clair County grand jury for an alleged delivery on August 3, 1978, of .4 grams of a substance represented to be a controlled substance (heroin), in violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1404). Prior to trial the defendant moved to dismiss the indictment contending that section 404 was unconstitutional. The court denied the motion. On March 12, 1979, the defendant was found guilty after a trial before the court sitting without a jury. On May 4, 1979, he was sentenced to a two-year prison term. The appellate court, in a split decision, affirmed the conviction. (91 Ill. App. 3d 254.) We granted the defendant's petition for leave to appeal.

According to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100 *et seq.*) at the time of this offense, delivery or possession of a schedule IV or V controlled substance was punishable as a Class 4 felony permitting the following fines: $15,000 for possession of a schedule IV or V controlled substance; $10,000 for delivery of a schedule IV controlled substance; $5,000 for delivery of a schedule V controlled substance. Delivery of a noncontrolled substance represented to be a controlled substance constituted a Class 3 felony permitting a $15,000 fine (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), (f), 1402(b), 1404).

The legislature on September 14, 1979, by Public Act 81—583, amended sections 401(e) and (f) to make delivery of a schedule IV or V controlled substance a Class 3 felony. Possession or delivery of a noncontrolled substance under section 404 still subjects one to a greater fine than may be imposed under sections 401(e) or (f) (Ill. Rev. Stat. 1979, ch. 56½, par. 1401).

The State contends (1) that the defendant lacks standing to contest the constitutionality of section 404, (2) the issue

was waived, and (3) the appeal is moot. The State's contentions are not meritorious.

An individual has standing to challenge the constitutionality of a statutory provision if he is directly affected as one "within the class aggrieved by the alleged unconstitutionality." (*People v. Mayberry* (1976), 63 Ill. 2d 1, 6; *cert. denied* (1976), 429 U.S. 828, 50 L. Ed. 2d 92, 97 S. Ct. 87.) Because the noncontrolled substance was represented to be heroin the prosecution contends that this should affect the defendant's standing to challenge the provision under which he was convicted. The nature of the purported substance is irrelevant under section 404, provided the delivery involved a substance represented to be a controlled substance. (Ill. Rev. Stat. 1977, ch. 56½, par. 1404.) Whether it was held out to be amphetamine, barbiturate or narcotic in the form of speed, valium, cocaine or heroin is not relevant as long as it was "represented to be" any of those "controlled substances." As a result of the enforcement of the penalty provision in question the defendant sustained the direct and palpable injury of incarceration. He clearly has standing to challenge the validity of the statute. 63 Ill. 2d 1, 8.

The defendant had moved prior to trial to dismiss the charge based upon the unconstitutionality of the statute. The defendant did not make a post-trial motion to dismiss in the trial court. The State argues that the defendant's failure to do so effectively waived the issue of whether section 404 of the Illinois Controlled Substances Act violates the Illinois Constitution. This is not an instance where the trial judge is in a position to correct errors made at trial. The record clearly indicates that a pretrial motion was made and denied. Since the conviction here is under an unconstitutional statute and is therefore a nullity, it was not necessary for defendant to preserve the error by a post-trial motion. The conviction is void and can be attacked at any time. *People v. Walker* (1980), 83 Ill. 2d 306, 313; *People v.*

*Furman* (1962), 26 Ill. 2d 334, 335; *People v. Edge* (1950), 406 Ill. 490, 494.

The appeal is not moot. Although the defendant has completed his term of imprisonment and supervised release, his conviction subjects him to the possibility of an extended term of imprisonment, should he be convicted of another felony within a fixed period of time (Ill. Rev. Stat. 1977, ch. 38, pars. 1005—5—3.2, 1005—8—2). This collateral legal consequence precludes any finding that this appeal is moot. *In re Sciara* (1974), 21 Ill. App. 3d 889; *Sibron v. New York* (1968), 392 U.S. 40, 20 L. Ed. 2d 917, 88 S. Ct. 1889. See *People v. Nunn* (1979), 77 Ill. 2d 243.

When this appeal was pending, we announced our decision in *People v. Bradley* (1980), 79 Ill. 2d 410. We held that section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) violated article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2). Section 402(b) had permitted a greater penalty for possession of a schedule IV controlled substance than section 401(e) permitted for delivery of the same controlled substance (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(e)). We concluded in *Bradley* that since the legislature clearly intended to punish trafficking in drugs more severely than possession, section 402(b) was "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public." 79 Ill. 2d 410, 418.

The appellate court held in the instant case that the reasoning of *Bradley* did not apply. We disagree. It is applicable, persuasive and controlling. The legislature expressly "acknowledge[d] the functional and consequential differences between the various types of controlled substances and provide[d] for correspondingly different degrees of control over each of the various types." (Ill. Rev. Stat. 1977, ch. 56½, par. 1100(4).) In view of that language the legislature need not expressly recognize the functional

and consequential differences between harmful controlled substances and harmless noncontrolled substances. That distinction is obvious.

Fraudulent deliveries of noncontrolled substances are punishable "to discourage illicit traffic in narcotics." (*People v. Calcaterra* (1965), 33 Ill. 2d 541, 545.) The plain purpose of the Illinois Controlled Substances Act is to deter the traffic in controlled substances by punishing the traffickers and/or profiteers more severely. (*People v. Bradley* (1980), 79 Ill. 2d 410, 418.) The defendant here was subject to a greater penalty for delivery of .4 grams of a harmless brown powder than a person who would have actually delivered any amount of a schedule IV or V controlled substance under sections 401(e) and (f). The defendant incurred the penal liability that attaches to a Class 3 felony while the latter offense constituted only a Class 4 felony. Just as delivery of a controlled substance represents a greater threat to the public under the Illinois Controlled Substances Act than the possession of a controlled substance, the delivery of a controlled substance represents a greater threat to the public than the delivery of a noncontrolled harmless substance. Here, as in *Bradley,* the less serious threat to the public carries a harsher punishment than the greater threat. We concur with the appellate court's dissent that it is not reasonable to assume that a person selling large dosages of valium should be subjected to a less severe sentence than a person giving away a No-doz pill representing it to be an amphetamine. It is not logical to believe that the legislature intended to punish one who delivers a noncontrolled substance more severely than one who delivers a controlled substance.

Section 404 is not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public. As such, section 404 violates the due process clause of the Illinois Constitution (Ill. Const. 1970, art. I, sec. 2).

The defendant's conviction under section 404 cannot stand. The judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*

CHIEF JUSTICE RYAN, dissenting:

I do not find our opinion in *People v. Bradley* (1980), 79 Ill. 2d 410, controlling or even applicable. I must therefore dissent.

The rationale of the holding in *Bradley* was that the *delivery* of a controlled substance is a more serious offense than the mere *possession* of a controlled substance. Therefore, this court reasoned that the imposition of a more severe penalty for possession than for delivery violates the due process clause of the Illinois Constitution. In *Bradley* we concluded that delivery was a more serious offense than possession from the legislative intent expressed in section 100 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100). We stated:

"Clearly, the legislature intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them." *People v. Bradley* (1980), 79 Ill. 2d 410, 418.

The fact that the legislature expressly acknowledged the functional and consequential differences between the various types of controlled substances and provided for correspondingly different degrees of control over each of the various types (Ill. Rev. Stat. 1977, ch. 56½, par. 1100(4)), as noted in the majority opinion, is not relevant to the facts of this case. In making the classification questioned in this case, the legislature was dealing with an entirely different problem from that addressed in *Bradley* and alluded to in the section of the statute cited above. Nowhere in the statute can one find an expression of legislative intent that a person who delivers a substance

represented to be a controlled substance has not committed a more serious offense or should not be punished more severely than one who possesses or delivers a controlled substance.

In providing penalties for a controlled substance the legislature, in keeping with its expressed intent, has distinguished between possession and delivery, between different classes, and between different amounts of each class. However, in providing a penalty for the delivery of a substance represented to be a controlled substance, no such distinctions are made. The penalty is the same whether the substance is represented to be one listed in schedule I, II, III, IV, or V. Also, the penalty is the same whatever the amount delivered. The legislature was addressing a different problem when it made it unlawful to deliver a substance represented to be a controlled substance.

It makes an appealing argument to say, as the majority opinion does, that the defendant here was subject to a greater penalty for the delivery of .4 grams of a "harmless brown powder" than a person would be who actually delivered any amount of a schedule IV or V controlled substance. However, we do not know the magnitude of the problem or the evils associated with the delivery of a substance represented to be a controlled substance. In the space of one set of briefs filed in this case we cannot hope to be adequately informed as to the nature of the problems the legislature was seeking to resolve. The legislature has the means of informing itself, and it has seen fit to make this classification, which I am unwilling to arbitrarily say was not rational. We must presume the classification to be valid. We just are not in a position to say whether the evil sought to be remedied by section 404 of the Illinois Controlled Substances Act is not as great a threat to the public as is the delivery of certain controlled substances. Contrary to the assumption in the majority

opinion, the legislature has not determined that the delivery of controlled substances is a greater threat to the public than is the delivery of a substance represented to be a controlled substance.

A problem closely related to the delivery of a substance represented to be a controlled substance—and, in fact, a part of that problem—is the manufacture and distribution of "look-alike" drugs. These are not controlled substances but are legal over-the-counter drugs. However, they are similar in size, shape and color, and have markings similar to controlled prescription substances. These look-alike drugs are often purchased legally in large quantities and then sold illegally represented to be controlled substances. At the present time our General Assembly is considering several bills dealing with look-alike drugs. These bills provide penalties for their distribution. After the legislature conducts these extensive hearings and determines that the problem is so severe that it warrants a penalty more severe than that provided for the possession or delivery of certain controlled substances, will this court on the basis of the majority holding in this case hold the act unconstitutional because we may think the possession or delivery of a controlled substance is the more serious offense? The problems involved in the sale of look-alike drugs are discussed in an article by Julie A. Dutton, a research associate with the Illinois Legislative Counsel Science Unit. Dutton, *Look-alike Drugs: Regulation Dilemma,* 8 Ill. Issues 35 (1982).

The problems involved with look-alike drugs, as well as those involved in the delivery of substances represented to be controlled substances, are different from those which confront the legislature in classifying controlled substances and providing penalties for their possession and delivery. The majority of this court in this case, by holding that section 404 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, par. 1404) is unconstitu-

tional, has substituted its opinion for that of the legislature. This court, and not the legislature, has determined that the delivery of a substance represented to be a controlled substance is not as great a threat to the public as is the delivery of a controlled substance.

UNDERWOOD and GOLDENHERSH, JJ., join in this dissent.

JUSTICE UNDERWOOD, also dissenting:

This court held in *People v. Bradley* (1980), 79 Ill. 2d 410, that possession of a schedule IV controlled substance could not constitutionally be punished more severely than delivery of that substance. That holding was predicated on the General Assembly's express recognition that delivery posed the greater threat to society. There is, as Justice Ryan points out, no such legislative declaration here, and I accordingly join in his dissent.

There are, however, additional reasons for my disagreement. The majority characterizes *Bradley* as "applicable, persuasive and controlling" (89 Ill. 2d at 312), a statement which it seems to me represents a fundamental misconception of the holding in that case. *Bradley,* in my judgment, actually requires a result here the opposite of that reached by the majority.

In my opinion the majority also errs in holding defendant has standing to raise the due process issue as it relates to the delivery of materials misrepresented to be schedule IV or V substances. Neither *Bradley, People v. McCabe* (1971), 49 Ill. 2d 338, nor the appellate court cases cited by the majority support that conclusion.

Under section 401(b) of the Illinois Controlled Substances Act delivery of .4 grams of heroin, a schedule I controlled substance, is a Class 2 felony subject to 3 to 7 years' imprisonment and a fine up to $25,000. (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(b); Ill. Rev. Stat. 1979,

ch. 38, par. 1005—8—1(a)(5).) Under section 404, delivery of any substance represented to be any controlled substance is a less serious Class 3 felony subject to 2 to 5 years' imprisonment and a fine up to $15,000. (Ill. Rev. Stat. 1977, ch. 56½, par. 1404; Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6).) Delivery of schedule IV and V controlled substances are classified as still less serious offenses with lesser penalties. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), (f); Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(7).) Defendant here was charged under section 404 with delivery of .4 grams of a substance misrepresented as heroin, a Class 3 felony. Had the substance been heroin, the offense would have been the more serious Class 2 felony for which the prescribed punishment is more severe. In these circumstances *Bradley* expressly holds *no due process violation occurs.* The reasoning in *Bradley* is apparent from the following language:

"Clearly, the legislature intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them. Because section 402(b) prescribes a greater sentence for possession of a schedule IV substance than section 401(e) sets forth for delivery of the same substance, section 402(b) is in contravention of the express intent of the legislature. Inasmuch as section 402(b), as it is applied to charges of possession of schedule IV substances, is not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public, it is violative of the due process clause of the Illinois Constitution and is, therefore, invalid.

\*\*\*

Our conclusions with respect to schedule IV controlled substances do not apply to schedule II and III substances, contrary to the claim of de-

fendants Novak and Olsen. The penalties for delivery of schedule II and III controlled substances are either greater than or equal to the penalty imposed for possession of those substances. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(b), (c), (d), 1402(b).) Consequently, these provisions are not contrary to the purposes of section 100 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100) *and do not offend due process.* See *Gaffney v. State* (Tex. Crim. App. 1978), 575 S.W.2d 537, 541.

Defendants Novak and Olsen also assert that the trial court properly dismissed the possession charges against them because section 402(b) is invalid in its entirety and not solely in its application to schedule IV controlled substances. The test to determine severability is 'whether the valid and invalid provisions of the Act are "so mutually 'connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently ***' " ' (*Fiorito v. Jones* (1968), 39 Ill. 2d 531, 540, quoting *Winter v. Barrett* (1933), 352 Ill. 441, 475.) Within the Act, the legislature divided controlled substances into distinct categories (schedules) and, in imposing penalties, dealt with each separately. This manifests the legislature's intent that each schedule be mutually exclusive of the other. Consequently, a finding that section 402(b) is invalid as applied to schedule IV substances does not disturb the effectiveness of that provision as it relates to all other schedules." (Emphasis added.) *People v. Bradley* (1980), 79 Ill. 2d 410, 418-19.

The majority evades the result *Bradley* demands here by allowing this defendant to assert a due process argument available, in my opinion, only to one who has been charged with delivery of a substance represented to be a schedule IV or V substance. If the charges here included misrepresented schedule IV substances as was the case in *Bradley,* that decision might well be controlling. But defendant is charged only with delivery of the substance represented to be heroin, and *Bradley,* I believe, requires affirmance of the conviction.

In fact, as earlier indicated, the majority need not have ever reached the constitutional issue, for this defendant has no standing to assert the constitutional argument of one who has delivered a substance represented to be a schedule IV or V substance, for he is not charged with that offense. The majority opinion, in holding that he has standing, relies solely upon *People v. Mayberry* (1976), 63 Ill. 2d 1, and, in my opinion, incorrectly applies its rule. The relevant passage in *Mayberry* says:

"A party does not have standing to challenge the constitutional validity of a statutory provision if he is not directly affected by it unless the unconstitutional feature is so pervasive as to render the entire act invalid. [Citation.] A party who attacks a statute as unconstitutional must bring himself within the class aggrieved by the alleged unconstitutionality. *(People v. Bombacino,* 51 Ill. 2d 17, *cert. denied,* 409 U.S. 912, 34 L. Ed. 2d 173, 93 S. Ct. 230.)" (63 Ill. 2d 1, 6.)

This defendant is not "directly affected" by the statute in the traditional sense in which that phrase was used in *Bradley* and *People v. Bombacino* (1972), 51 Ill. 2d 17. Due process is not offended by applying this statute to this defendant, as *Bradley* clearly states (79 Ill. 2d 410, 419), for the heroin he represented he was selling would have been a schedule I substance. Only the due process

rights of those delivering substances represented to be schedule IV or V substances are violated by this statute, and defendant is not one of them. *Bradley* plainly indicates that the defect is not "so pervasive as to render the entire act invalid," and we are not compelled, as my colleagues seem to believe, to invalidate the statute.

In *Bombacino* this court held that the defendant did not have standing to assert the alleged unconstitutionality of section 2—7(3) of the Juvenile Court Act (Ill. Rev. Stat. 1967, ch. 37, par. 702—7(3)) on the grounds that it gave appellate powers to the chief judge of the circuit court, since he was not transferred to the criminal division under that statute. Citing *City of Chicago v. Lawrence* (1969), 42 Ill. 2d 461, *appeal dismissed and cert. denied* (1969), 396 U.S. 39, 24 L. Ed. 2d 208, 90 S. Ct. 263, the court said: "One who would attack a statute as unconstitutional must bring himself within the class as to whom the law is unconstitutional." (51 Ill. 2d 17, 20.) In *City of Chicago* the court held that since the evidence plainly indicated deliberate conduct, the defendants did not have standing to raise the due process argument that the ordinance lacked a requirement that the offense was committed "knowingly." (42 Ill. 2d 461, 464; *cf. United States v. Salvucci* (1980), 448 U.S. 83, 65 L. Ed. 2d 619, 100 S. Ct. 2547; *Rawlings v. Kentucky* (1980), 448 U.S. 98, 65 L. Ed. 2d 633, 100 S. Ct. 2556 (no automatic standing to contest validity of search because of possessory interest in items seized).)

I would affirm the judgment.

RYAN, C.J., and GOLDENHERSH, J., join in this dissent.