Morris Joseph LUCARIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0659–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

affirmed the trial court's judgment sentencing appellant to 16 years confinement after the State abandoned two enhancement allegations and appellant pleaded guilty. *Lucario v. State*, 658 S.W.2d 835 (Tex.App.—Houston [1st Dist.] 1983).

In vacating this court's judgment, the Court of Criminal Appeals held that the appellant's claim that the organized crime proscriptions of ch. 71 are unconstitutionally vague was not sufficiently addressed by this court. Specifically, the court referred to appellant's contention regarding the definition of terms in sec. 71.01, which defines a "combination" as five or more persons who collaborate in "carrying on criminal activities." The statute provides:

(a) "Combination" means five or more persons who collaborate in *carrying on criminal activities*, although:

(1) participants may not know each other's identity;

(2) membership in the combination may change from time to time; and

(3) participants may start in a wholesaler-retailer or other arm's length relationship in illicit distribution operations.

(b) "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties. (emphasis added).

In four grounds of error, the appellant alleges: (1) the trial court erred in overruling his motion to quash the indictment; (2) the organized criminal activity statutes are unconstitutionally vague and overbroad; (3) the statutes violate the due process clause of the United States Constitution; (4) the appellant should have been prosecuted for more specific offenses.

By his first ground of error, the appellant alleges that the trial court erred in overruling his motion to quash the indict-

Randy Schaffer, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before BASS, DUGGAN and JACK SMITH, JJ.

## ON REMAND

JACK SMITH, Justice.

This appeal from a conviction of engaging in organized criminal activity, Tex.Penal Code sec. 71.02(a)(1) (Vernon Supp. 1984) comes to us on remand from the Court of Criminal Appeals. We initially

ment because the indictment failed to give the appellant adequate notice of the allegations against him. Appellant asserts that it contains words of multiple statutory meaning. The words specifically complained of were: "person," "bodily injury," "theft," "robbery," and "aggravated robbery."

The appellant asserts that the indictment should have specifically alleged the manner and means of committing aggravated robbery. He states that the indictment alleged, as the manner and means of committing aggravated robbery, that he acted "while in the course of committing theft." He contends that this phrase includes actions taken during, (1) an attempt to commit theft; (2) while in the course of committing theft; and (3) in immediate flight after the commission of theft. He further asserts that the indictment should have specifically alleged one of these three courses of conduct rather than the general allegation that the appellant "acted while in the course of committing theft." He cites *Gorman v. State*, 634 S.W.2d 681 (Tex.Crim.App.1982), and *Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1981), for the proposition that where the alleged conduct of the accused is statutorily defined in more than one way, the State must allege which manner it intends to prove, when a timely motion to quash is filed.

*Ferguson* and *Gorman* are distinguishable from the instant case because the offenses alleged in those cases did not involve an underlying offense. *Ferguson* involved delivery of heroin and *Gorman* involved theft. The instant case is based on the offense of engaging in organized criminal activity which involves the underlying offense of aggravated robbery. Further, the underlying offense of aggravated robbery also involves the additional underlying offense of theft.

 It is not necessary, even when a motion to quash is presented, to specifically allege the manner and means of acting in the course of committing theft in an indictment for aggravated robbery. *Linville v. State*, 620 S.W.2d 130 (Tex.Crim.App.1981);

*Garcia v. State*, 595 S.W.2d 533 (Tex.Crim. App.1980). Since the Court of Criminal Appeals has held that the facts of an underlying offense need not be specifically alleged, the appellant's assertion that the facts of the offense underlying the underlying offense must be specifically alleged is without merit. This holding has not been remanded for further consideration and remains this court's ruling.

On remand, we have been asked to expand upon the appellant's contention that his conviction is void because sections 71.01 and 71.02 are unconstitutionally vague and overbroad. He contends that: (1) the scienter element of the statutes fail to provide adequate notice of what conduct is criminal; (2) the statutes do not require that a person know that his actions are aiding an unlawful combination; (3) the statutes allow a prosecutor to act with unbridled discretion in determining whether to prosecute persons for organized criminal activity as opposed to the predicate offense; (4) the statutes contain no guidelines to determine the point at which "participation" in a combination is distinguished from incidental assistance.

The appellant relies upon *State v. Young*, 62 Ohio St.2d 370, 406 N.E.2d 499, *cert. denied*, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980). In *Young*, the Ohio Supreme Court struck down the Ohio Organized Crime Statute as unconstitutionally vague and overbroad on the identical grounds asserted in the appellant's four contentions. The appellant urges that the *Young* decision is persuasive authority because he asserts that the Ohio and Texas statutes are similar.

In this connection the appellant contends that a holding that secs. 71.01 and 71.02 are unconstitutional will not prohibit the State from prosecuting persons for the underlying predicate offenses.

The Texas Court of Criminal Appeals has set forth certain guidelines to establish standards for determining vagueness and overbreadth in statutes. In *Goocher v. State*, 633 S.W.2d 860 (Tex.Crim.App.1982), *appeal dism'd*, 459 U.S. 807, 103 S.Ct. 32,

74 L.Ed.2d 46 (1982), the court held that a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute, and if it encourages arbitrary and erratic convictions. The court held in *Floyd v. State*, 575 S.W.2d 21 (Tex.Crim.App.1978), *appeal dism'd*, 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979), that the law must be sufficiently definite in that its terms and provisions may be known, understood, and applied; otherwise, it is void and unenforceable. But, it has also held that a clear and concise statute may nevertheless be overbroad if it reaches constitutionally protected conduct. *Parr v. State*, 575 S.W.2d 522 (Tex. Crim.App.1979). The Texas Organized Crime Statute contains the following provisions:

### The Texas Statute

(a) "Combination" means five or more persons who collaborate in carrying on criminal activities, although:

(1) participants may not know each others identity;

(2) membership in the combination may change from time to time; and

(3) participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

(b) "Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

[added by Acts 1977, 65th Leg., p. 922 ch. 346, Sec. 1, eff. June 10, 1977]

Sec. 71.02 Engaging in Organized Criminal Activity

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit *one* or *more* of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, kidnapping, aggravated assault, or forgery;

(2) Any felony gambling offense;

(3) promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution;

(4) unlawful manufacture, transportation, repair, or sale of firearms or prohibited weapons;

(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;

(6) any unlawful wholesale promotion or possession of any obscene material or obscene device with the intent to wholesale promote the same; or

(7) any unlawful employment, authorization, or inducing of a child younger than 17 years of age in an obscene sexual performance. (emphasis added).

Tex.Penal Code Ann. secs. 71.01 & 71.02(a) (Vernon Supp.1984).

### The Ohio Statute

The Ohio Statute contained the following provisions:

(A) No person, with purpose to establish or maintain a criminal syndicate or to facilitate any of its activities, shall do any of the following:

(1) Organize or participate in organizing a criminal syndicate or any of its activities;

(2) Provide material aid to a criminal syndicate or any of its activities, whether such aid is in the form of money or other property, or credit;

(3) Manage, supervise, or direct any of the activities of a criminal syndicate, at any level of responsibility;

(4) Furnish legal, accounting, or other managerial services to a criminal syndicate;

(5) Commit, or conspire or attempt to commit, or act as an accomplice in the commission of, any offense of a type in which a criminal syndicate engages on a continuing basis;

(6) Commit, or conspire or attempt to commit, or act as an accomplice in the commission of, any offense of violence;

(7) Commit, or conspire or attempt to commit, or act as an accomplice in the commission of bribery...

(B) Whoever violates this section is guilty of engaging in organized crime, a felony of the first degree.

(C) As used in this section, "criminal syndicate" means five or more persons collaborating to promote or engage in any of the following on a continuing basis:

(1) Extortion or coercion...;

(2) Compelling or promoting prostitution, or procuring...;

(3) Any theft offense...;

(5) Illegal trafficking in drugs of abuse, in intoxicating or spirituous liquor, or in deadly weapons...;

(6) Lending at usurious interest, and enforcing repayment by illegal means;

(7) Any offense, for the purpose of gain.

(D) A criminal syndicate retains its character as such even though one or more of its members does not know the identity of one or more other members, and even though its membership changes from time to time.

Ohio Rev.Code Ann.Sec. 2923.04 (1979).

A reading of these statutes discloses that the Ohio Statute is broader than the Texas statute and obviously prohibits constitutionally protected activity. For example, a person who unknowingly provides legal or accounting services to a syndicate could be prosecuted. *See*, Ohio Rev.Code Ann. sec. 2923.04(A)(4). There is no provision that the person must know of the alleged criminal activity by the syndicate. By contrast, the Texas Statute forbids only criminal activity which occurs in the context of estab-

lishing, maintaining or participating in a combination.

The appellant alleges that the *mens rea* required by the Texas Statute fails to meet the constitutional requirement that persons of ordinary intelligence be given notice that their conduct is criminal. He contends that lawful activities performed by fiduciaries or employees of a combination will be subject to punishment due to the lack of a requirement that their actions further the illegal activities of the combination.

He also alleges that the scienter element is vague because it does not require that a person be aware that his activities are in aid of a combination. He argues that innocent persons who are unaware that the organization with which they are involved is engaging in illegal activities may be prosecuted under the statute.

■■■■ This statute only applies where an offense is committed with either the "intent to establish, maintain, or participate in a combination" with or without regard to profits. Lawful activities performed by individuals for a combination will not be subject to punishment simply because their actions further illegal activities of a combination unless those actions fall within the acts delineated by sec. 71.02(a). The provisions concerning "collaboration in carrying on" would only apply if the requisite intent under the statute was established and would not include the lawful activity of a fiduciary or employee of a combination where the requisite intent is absent.

■■■■ Furthermore, the definition of a combination requires that the group of persons involved "collaborate" in carrying on a criminal activity. The scienter element of the offense requires that a person intend to establish, maintain, or participate in a group which collaborates in carrying on a criminal activity. The meaning of the words "establish", "maintain" and "participate", of necessity require knowledge of the thing to be established, maintained, or participated in. The scienter element of the statute requires that the actor know of the criminal activity of the group. There-

fore, since the statute reaches only those persons who engage in criminal acts with the requisite intent, the statute does not prohibit constitutionally protected conduct and is not unconstitutionally vague.

■ The appellant further contends that sec. 71.01 does not contain a guideline to determine the point at which "participation" in a combination is distinguished from incidental assistance. He asserts that "participation" is not defined and therefore the statute does not give notice regarding the activity which it prohibits.

The appellant's contention appears to confuse an element of *mens rea* with the *actus reus* of the crime. The word "participate" is used only in that portion of the statute which delineates the required mental state, i.e., "the intent to establish, maintain or participate in ...". The portion of the statute which delineates the *actus reus* element of the crime uses the verbs "commits or conspires to commit." "Conspires to commit" is defined as an agreement with one or more persons to engage in conduct which would constitute the offense and the performance of an overt act in pursuance of the agreement. Section 71.01(b). This definition is not vague and gives notice of the point at which incidental assistance of a combination becomes a conspiracy to commit an act prohibited by the statute.

■ Appellant also complains that the statute does not define or seek to limit what is meant by the term "collaborate in carrying on" criminal activities. Appellant asserts that the statute does not specify a minimum number of offenses which must be committed in a certain period of time in order to be considered "carrying on" certain criminal activity and therefore the term is vague.

We hold that appellant's contention that the statute is void for vagueness is without merit.

■ "Collaboration ·in carrying on" as used in sec. 71.01(a) is not defined. However a statute is not unconstitutionally vague simply because words or terms are not specifically defined. *Ahearn v. State,*

588 S.W.2d 327 (Tex.Crim.App.1979); *Powell v. State,* 538 S.W.2d 617 (Tex.Crim.App. 1976), *cert. denied,* 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976). A statute is unconstitutionally vague only if persons of common intelligence must necessarily guess at its meaning. *Ahearn,* 588 S.W.2d 327. Where words in a criminal statute are not defined, the words employed are ordinarily given their plain meaning. *Campos v. State,* 623 S.W.2d 657 (Tex.Crim.App. 1981); *Ramos v. State,* 419 S.W.2d 359 (Tex.Crim.App.1967).

■ The Code of Criminal Procedure article 3.01 aids in determining the intent of the legislature by providing the following rule for addressing words in a statute which are not specifically defined:

All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specifically defined.

Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence have been held not to be vague and indefinite. *Powell v. State,* 538 S.W.2d 617 (Tex. Crim.App.1976), *cert. denied,* 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976). Webster's Third New World International Dictionary (1976) defines "carrying-on" as *"an instance* of behavior" and defines. "collaborate" as "to work together." In reviewing the statute as a whole, the legislature clearly intended that the common meaning and everyday usage of these words be applied. Using the definitions from Webster's dictionary, it becomes apparent that the meaning of the phrase "collaborate in carrying on", as used in this statute, means working together with a specified number of others in specified criminal activities.

■ Even where a statute is arguably vague, it may be given constitutional clarity when aided by standard rules of statutory construction. *Floyd v. State,* 575 S.W.2d 21 (Tex.Crim.App.1978), *appeal dism'd,* 442 U.S. 907, 99 S.Ct. 2817, 61 L.Ed.2d 272 (1979). The dominant rule in statutory construction is to ascertain the

intent of the legislature, and such intent must be taken from the provisions of the statute itself. *Irving v. Dallas County Flood Control Dist.,* 377 S.W.2d 215 (Tex. Civ.App.—Tyler, 1964) *rev'd on other grounds,* 383 S.W.2d 571 (Tex.1964). The Code of Criminal Procedure art. 1.26 entitled "Construction of the Code," applies this rule to criminal cases:

The provision of this Code shall be liberally construed, so as to ascertain the objects intended by the legislature: "The prevention, suppression and punishment of crime."

■ It can also be determined from the statute that the Legislature intended that the term "carrying on" criminal activities applies to both a single instance as well as multiple instances of criminal activity since section 71.02(a) provides that one commit or conspire to commit "one or more" of the delineated offenses. Also this section has been interpreted to mean that one offense is sufficient to uphold a conviction for engaging in organized criminal activity. *E.g., Cosper v. State,* 657 S.W.2d 166 (Tex.App. —San Antonio 1983, pet. den.). Accordingly, we hold that the term "collaboration in carrying on" is sufficiently specific and may apply to one or more of the delineated offenses.

Appellant also contends that by not specifically defining "collaborate in carrying on" the statute is unconstitutional because it does not give notice to persons of ordinary intelligence that their conduct is criminal. However, as noted previously, a statute is not to be held unconstitutional because a term is not specifically defined. The terms "collaboration" and "carrying on" are defined in dictionaries and can be understood by persons of reasonable intelligence. The statute is not unconstitutionally vague for failure to define "collaborate in carrying on."

The appellant's final contention under this ground of error is that sec. 71.02 gives the prosecutor unbridled discretion to choose whether to prosecute a person for certain offenses of prostitution as a misdemeanor or a felony. He contends that this statute gives the prosecutor the same extensive discretion regarding the manufacture, transportation, repair, or sale of a switchblade, knife, or knuckles. *See & compare,* Tex.Penal Code Ann. secs. 43.-03(b), 46.06(e), and sec. 71.02.

■ The Texas Statute limits the prosecutorial discretion, in that unless the defendant has committed or conspired to commit the enumerated acts with the intent to establish, maintain or participate in a combination or in the profits of a combination, he may not be prosecuted for a felony. A felony conviction under these circumstances requires proof of the existence of the combination as defined by the statute as well as proof that the defendant acted with the requisite mental state. Only where these elements are shown may a felony prosecution for these acts be maintained. Thus, the prosecutor does not have unbridled discretion.

The appellant's second ground of error is overruled.

■ By his next ground of error, the appellant alleges that sec. 71.02 violates due process because it provides more severe punishment for the planning of an offense than other Penal Code statutes provide for a completed offense. He argues that the punishment for a conspiracy between four people to commit a robbery is ten years confinement under secs. 15.01(d), 15.02(d) and 29.01(b) of the Penal Code. If the robbery is completed, those persons are subject to 20 years confinement under sec. 29.02(b) of the Penal Code. In comparison, the appellant points out, that where five persons conspired to commit a robbery, they are subject to 20 years confinement under sec. 71.02(c), and if they actually complete the robbery, the maximum sentence is 99 years to life under sec. 71.02(b).

The appellant claims that this punishment scheme is not rationally related to the conduct of the accused and is violative of due process of law. He cites no Texas precedental authority to support his position; however, he argues as persuasive authority two Illinois Supreme Court deci-

sions which held two punishment schemes to be unconstitutional *People v. Bradley,* 79 Ill.2d 410, 38 Ill.Dec. 575, 403 N.E.2d 1029 (1980); *People v. Wagner,* 89 Ill.2d 308, 60 Ill.Dec. 470, 433 N.E.2d 267 (1982). In *Bradley,* the court held that a statute which imposed a greater penalty for possession of drugs than for delivery was not rationally related to the legislative policy. In *Wagner,* the court held that the statute which punished delivery of an uncontrolled substance, where it was represented to be a controlled substance, more severely than delivery of a controlled substance, was violative of the Illinois Constitutional guarantee of due process.

The present case is distinguishable from the Illinois cases relied upon by appellant. *Bradley, supra; Wagner, supra.* The Texas Statute punishes the conspiracy to commit or the actual commission of a crime more severely where it occurs in the context of organized crime than where the crime is committed outside a criminal organization context. What the statute seeks to punish is not the predicate crime, but the commission of a predicate crime by a criminal organization. The fact that the punishments imposed under sec. 71.02 are harsher than the punishment imposed for identical activity which does not occur through an organized effort, reflects the legislature's recognition that organized criminal activity is more dangerous to the welfare of the State than unorganized criminal activity.

The United States Supreme Court's decisions upholding the Texas habitual offender statutes are more analogous to the circumstances presented by the instant case than the Illinois cases. In those cases the Court held that the habitual offender statute did not violate due process of law and did not constitute cruel and unusual punishment. The Court found that the statutes reflected the legislature's legitimate concern regarding the danger imposed, by recidivists, to the welfare of the citizens of the State of Texas. Thus, the habitual offender statute was held not to violate due process or constitute cruel and unusual punishment. *Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 658, 17 L.Ed.2d 606 (1967); *Rummel v. Estelle,* 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

In the instant case, the legislature's intent to punish organized criminal activity more severely than random crime is a legitimate means of protecting the welfare of Texas citizens and is an obvious attempt by the legislature to discourage and deter organized criminal activity within the State. The appellant's third ground of error is overruled.

The appellant's final ground of error is that he should have been prosecuted for attempted aggravated robbery or for conspiracy to commit aggravated robbery, rather than the more general offense of engaging in organized criminal activity. He contends that where a person may be prosecuted under either a general statute or a specific statute, the State must prosecute under the specific statute. He cites *Ex parte Harrell,* 542 S.W.2d 169 (Tex. Crim.App.1976).

■■■■■ The appellant's argument assumes that the statutes regarding "attempt" and "conspiracy" govern the same subject matter as does the organized criminal activity statute. This is a false assumption. Section 71.02(b) requires proof that five or more persons collaborate in carrying on criminal activities. This is the threshold element of the organized criminal activity statute. The attempt and criminal conspiracy statutes do not contain this element. Even if these statutes should be construed to govern the same subject matter, the rule that a person should be prosecuted under a specific, rather than a general statute, does not apply to this case. The rule does not apply where the general statute was enacted after the specific statute, because it is manifest that the legislative intent is that the general statute prevail. *Ex parte Harrell, supra;* Tex.Rev.Civ. Stat.Ann. art. 5429b–2, sec. 3.06 (Vernon Supp.1984). The appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.