THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICKY JAMES PERILLO, Defendant-Appellant.

Fourth District   No. 4—87—0255

Opinion filed September 29, 1987.

D. Phillip Anderson, of Normal, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R.

Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Ricky Perillo's driving privileges were suspended pursuant to sections 2—118.1, 6—208.1, and 11—501.1 of the Illinois Vehicle Code (the Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 2—118.1, 6—208.1, 11—501.1). Defendant filed a petition to rescind the summary suspension. The circuit court of McLean County denied the petition. Defendant appeals. We affirm.

The facts were submitted to us by stipulation and are substantially as follows.

On February 1, 1987, Normal police officer James Lutes was on routine traffic patrol in Normal, Illinois. At approximately 2:07 a.m., he stopped a motor vehicle driven by defendant and charged him with disobeying a stop sign in violation of section 11—1204(b) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—1204(b)).

Defendant attempted several field sobriety tests at the request of Officer Lutes. Lutes then informed defendant that he was under arrest for the offense of driving under the influence of alcohol in violation of section 11—501(a)(2) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501(a)(2)). Defendant was transported to the Normal police department.

At the police station, Officer Lutes read verbatim to defendant the "Warning to Motorists" prepared by the office of the Illinois Secretary of State. That warning states, in pertinent part:

"You are hereby warned and notified that:

1. Refusal or failure to complete all chemical tests requested will result in suspension of your driving privileges for a minimum of 6 months.

2. If you submit to the chemical test(s) disclosing an alcohol concentration of 0.10 or more, your driving privileges will be suspended for a minimum of 3 months.

3. If you refuse or fail to complete all chemical tests or if you submit to a test or tests disclosing an alcohol concentration of 0.10 or more, and have had a previous conviction or court assigned supervision for driving while under the influence of alcohol, other drug, or combination thereof within the last 5 years, in this or any other state, or received a driver's license suspension for refusing to submit to chemical testing following an arrest for driving while under the influence of alcohol, other drug or combination thereof in Illinois since Jan-

uary 1, 1982, or a previous statutory summary suspension except in cases where you submitted to chemical testing resulting in an alcohol concentration of 0.10 or more and was subsequently found not guilty; your driving privileges will be suspended for a minimum of 12 months."

Defendant then submitted to a breath-alcohol test which disclosed an alcohol concentration greater than .10. He was further charged with driving with a blood-alcohol content greater than .10 in violation of section 11–501(a)(1) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11–501(a)(1)). Officer Lutes also served defendant with immediate notice of the summary suspension of his driving privileges. Subsequently, a statutory suspension of three months was imposed by the Secretary of State.

Defendant filed a petition to have the summary suspension rescinded. The court denied the petition.

■■ ■ On appeal, defendant argues the standard "Warning to Motorists" which he received from Officer Lutes is insufficient. Defendant states the warning does not accurately make the distinction between a first offender and a second offender. Therefore, continues defendant, the warning does not fairly apprise the driver of the consequences of submitting to a chemical test as required by section 11–501(c) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11–501(c)). The result is apparently detrimental to those who are second offenders, under defendant's argument.

Defendant does not state that he is a second offender. The stipulated facts state only that defendant's license was suspended for three months, the minimum penalty under the statutory suspension scheme. This is also the penalty applied to a first offender. In order for defendant to challenge the propriety of the statutory summary suspension scheme, defendant must show an injury resulting from an unfair application of the procedure. (Accord *People v. Holder* (1983), 96 Ill. 2d 444, 449, 451 N.E.2d 831, 833, *cert. denied* (1984), 467 U.S. 1241, 82 L. Ed. 2d 820, 104 S. Ct. 3511; *People v. Wagner* (1982), 89 Ill. 2d 308, 311, 433 N.E.2d 267, 269.) Defendant has not made such a showing, and he has no standing to challenge the accuracy of the "Warning to Motorists."

Our courts are not in the business of answering hypothetical questions. Defendant cannot have his summary suspension rescinded simply because of a technicality that does not apply to him. In saying this, we in no way imply defendant's argument is meritorious. We merely state that we require defendant to approach this court with the proper standing to seek the relief he requests.

For the above reason, the order of the circuit court of McLean County is affirmed.

Affirmed.

SPITZ, P.J., and McCULLOUGH, J., concur.